WILLARD *against* FOX.

IN ERROR, on *certiorari*, to a Justice's Court.

*Fox* declared against *Willard*, before the Justice, on an account. The defendant pleaded the general issue, and stated, that he should, on the trial, set off an account and judgment. At the trial, the defendant admitted, that there was due to the plaintiff, five dollars and ninety cents, on the balance of their accounts; and then offered, as a set-off, a judgment in his favour against the plaintiff, for 16 dollars and 54 cents. The plaintiff objected to the set-off, on the ground, that the judgment had been removed into the Supreme Court by *certiorari*. The defendant proved the judgment, by the Justice before whom it was obtained, who, also, testified, that he had been served with a writ of *certiorari*, to which he had made a return. The Justice determined, that the judgment was not a legal set-off, and gave judgment for the plaintiff.

*C. M. Lee*, for the plaintiff in error.

*F. C. White*, for the defendant in error.

**Margin notes:**

ALBANY, January, 1821.

WILLARD v. FOX.

In an action before a Justice of the Peace, the defendant cannot *set off* a judgment recovered by him against the plaintiff, before another Justice, and which had been removed into this Court by *certiorari*.

ALBANY,
January, 1821.

WILLARD
v.
Fox.

WOODWORTH, J. delivered the opinion of the Court. The defendant in error was not entitled to execution on the judgment, without giving satisfactory security to restore the debt or damages, in case the judgment should be reversed. (1 *N. R. L.* 396.) If the defendant in error can obtain the benefit of his judgment by set-off, it is equivalent to payment; and it would be an evasion of the spirit of this section of the statute ; for it would be permitting him to do that indirectly, which he cannot do directly. It is true, that a new action may be brought on a judgment, notwithstanding a writ of error; for, although the writ of error be a supersedeas, yet it is said, the duty remains of record, and it is but reasonable the party should have this remedy. (2 *Bac. Abr.* tit. *Error.*) But, although such action may be brought, execution cannot be sued out upon the second judgment, until the writ of error be determined. (3 *Term Rep.* 642. *Bennet* v. *Black,* 2 *Bac. Abr.* 279.) It is contended, that if an action will lie on the judgment, it follows, that it must be the subject of set-off. But I cannot discover the analogy between the two cases. Where a second action is brought pending error, the Court will protect the party bringing error, until it is determined. By allowing a set-off, the party is permitted to reap the fruit of his judgment as effectually as if he had collected the money on execution. It extinguishes so much of the plaintiff's demand ; and to him, it is the same, whether he is compelled to pay the judgment on which error is brought, or bound to receive it in payment by way of set-off. I have not met with any adjudged case, in opposition to these principles, except that of *Reynolds* v. *Beerling,* in 3 *Term Rep.* 188. in a note. In that case, the defendant pleaded a judgment recovered against the plaintiff, after action brought, *and before plea pleaded;* replication—error pending on the judgment, to which there was a general demurrer. In support of the plea, *Sullivan* v. *Montagu,* (*Doug.* 108.) was relied on. The Court said, on the authority of *Sullivan* v. *Montagu,* the plea was good, and that the replication was no answer to it. This case is opposed to the principle of former decisions ; the case cited from *Doug. Rep.* does not support the proposition, that a judgment on

which a writ of error is brought, can be set off, nor, indeed, does it decide any thing on that subject.

ALBANY,
January, 1821.

PENNY
v.
CORWITHE.

The principal case of *Evans* v. *Prosser*, (3 *Term Rep.* 187.) overrules *Reynolds* v. *Beerling*, as to every thing but the point in question ; and though Judge *Buller* intimates, that, as to that point, it may be correct, a decision on that question was not called for by the case before the Court, and, therefore, cannot be regarded as authority.

We are, therefore, of opinion, that the set-off cannot be supported ; and that the judgment of the Justice must be affirmed.

Judgment affirmed.