Irvin and wife *v.* Wright.

---

ABRAHAM IRVIN and ELIZABETH IRVIN, his wife, plaintiffs in error *v.* GEORGE WRIGHT, defendant in error.

*Error to Gallatin.*

A judgment recovered after action brought, and after plea pleaded, cannot be set-off against the plaintiff's demand.

The construction of the English statute of set-off, and of § 17 of our practice act, should be the same in relation to the time at which the set-off should exist.

THIS action was tried at the March term, 1834, of the Gallatin Circuit Court, before the Hon. Thomas C. Browne and a jury. A verdict was rendered for the defendant in error, who was the plaintiff in the Court below, for $55,25. Upon this verdict judgment was entered.

H. EDDY, A. F. GRANT, and S. BREESE, for the plaintiffs in error.

W. J. GATEWOOD, for the defendant in error.

(1) See note to last case.

Lockwood, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* brought by Wright to recover compensation for work and labor done and performed for Mrs. Irvin while *sole*.

Among other pleas which it is unnecessary to notice, the defendants below pleaded, that since the commencement of the suit in the Court below, they had recovered a judgment against Wright, which they offered to set off against the damages sustained by the plaintiff in this suit.  To this plea Wright demurred, and the Circuit Court sustained the demurrer.

Did the Court err in this judgment?  By the 17th section(1) of the " *Act concerning Practice in Courts of Law*," it is provided that " The defendant in any action, brought upon any contract or agreement, either express or implied, having *claims or demands* against the plaintiff, may plead the same," &c.  The only question for our consideration under this act, is, at what time must the claims or demands exist, so as to justify their being set off against the plaintiff's demand?  It was contended in the argument, by the counsel for Irvin, that our statute was more comprehensive than the English statute of set-off, and therefore a debt or demand due or accruing after suit brought, might be set off.  The Court, however, upon an examination of the English statute of set-off, are of opinion that although the phrase in our statute, " claims or demands," would admit of a construction that would embrace more modes of indebtedness than the phrase " mutual debts," used in the English statute, yet in respect to the time at which the " claims or demands," under our statute, and the " mutual debts" under the English statute, should exist so as to be the subject of set-off, the same construction as to both statutes ought to prevail.

In the case of Evans v. Prosser,(2) the Court of King's Bench held that a judgment recovered after the action was brought, and before plea pleaded, could not be pleaded as a set-off.  This decision we think in point, and we do not perceive that it violates any principle of justice, or the intention of the legislature. Should a different construction prevail, gross injustice might frequently be practised.  The plaintiff when he commences his suit, has a good cause of action, and to which the defendant has no defence ; yet if the rule should be established that " claims or demands" might be pleaded that originated or became due after suit is brought, it will put it in the power of the defendant, by purchasing a note against the plaintiff, to defeat his action, and consequently charge him with the costs.  This cannot be reasonable, nor can it be supposed that the legislature intended to enable the defendant by an act of his own, to defeat the plaintiff's right of recovery in a case so situated.  The Court are of

(1) R. L. 491; Gale's Stat. 532.          (2) 3 Term R. 186.

opinion that the demurrer of the plaintiff was properly sustained. The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*

*Note.* See Edwards *et al. v.* Todd, *Post.*