Lipscomb, J.
The appellant brought suit against the appellee' to recover the value of certain work and labor. The defendant, with other defenses to the action, set up a judgment, which he had obtained in the district court against the plaintiff, from which judgment there had been an appeal to the supreme court and had not been decided in that court. The'plaintiff objected to the setoff being received, but the objection was overruled, and the jury found a verdict in favor of the defendant for a considerable balance; whereupon the court rendered judgment in favor of the defendant for the amount so found, and his costs.
The court certainly erred in giving judgment against the plaintiff for costs, and so far it is in direct contravention of the 4th section of *(337) the act of congress allowing discounts and setoffs. 4 Laws Texas, 63. On the other ground, it seems to us the court also erred. Had not the judgment rendered against the plaintiff been appealed from, there can be no doubt that it could have been pleaded as a setoff, and it could not have been questioned, unless on the ground of a want of jurisdiction in the court rendering it or on the ground of fraud. But when an appeal had been taken, it proved nothing as to the indebtedness of the party. It could not be given in evidence as a subsisting debt, until it had received the affirmation of the supreme court to which it had been taken. The question whether it was correct or not was not open for discussion in the district court.
Because, therefore, the court erred in rendering the judgment against the plaintiff for costs, and in admitting the judgment of the court at a former term (from which judgment an appeal had been taken) to be given in evidence as a setoff, the judgment is reversed and the cause remanded.