Gullett vs. Hoy & Orton.

GULLETT vs. HOY & ORTON.

1. The statute, which fixes the rights and liabilities of parties to bonds and ordinary notes, when assigned, does not apply to negotiable notes. They are governed by the general law applicable to bills of exchange, as by statute such notes have "the same effect and are negotiable in like manner as an inland bill of exchange."

2. The endorsee of a negotiable note, endorsed after it became due, takes it subject to all the equities attached to it in the hands of the payee. These equities are such, as are connected with the note itself, and not such as grow out of distinct and independent transactions between the original parties. A set-off that might have been asserted against the payee, cannot be set up against the endorsee, although the note was transferred after it became due.

## APPEAL from Livingston Circuit Court.

HAYDEN, for appellant.

The note sued on is a negotiable note, and the defendants cannot set off against the action the debt which the payee, Franklin, may have owed them at the time of the assignment: Maupin & Jamison vs. Smith, 7 Mo. Rep., 402–3; 10 Barn & Cress. 128; Burroughs vs Moss, 4 Mo. Rep., 452; Collins vs. Waddle, Chitty on Bills, 126–7–8–9 130; 2 Barr's Penn. Rep. 103; Hughes vs. Large, 3d Maul. & Selio., 95; Bailey on Bills, 5th ed., 156–7–8.

ABELL & STRINGFELLOW, for respondents.

1. This is a negotiable promissory note, payable without discount or defalcation, but transferred to the plaintiff when over due; and the assignee taking the note after it has ceased to be a negotiable instrument, takes it subject to all the defences that existed against it in the hands of the original payee at the time of the transfer.

2. If this note is now, (having been transferred after due) to be considered, as if the words "without discount or defalcation," had stood alone in the note, unaccompanied by the additional words, "negotiable and payable," it is then the settled doctrine of this court that the former words do not cut off off-sets when the suit is between payor and payee: Baker vs. Brown, 10 Mo. Rep., 396.

3. And here, the note, being assigned after due, is taken by the assignee subject to all the defences that the payors could have made against it in the hands of the payee at the time of the assignment.

GAMBLE, J., delivered the opinion of the court.

Gullett, as the endorser of a negotiable promissory note, sued Hoy & Orton, the makers. The endorsement to Gullett was made by the payee after the maturity of the note. The defendants, in their answer, rely upon an off-set due to them from the payee of the note before his endorsement of it to Gullett. The plaintiff demurred to the answer

claiming the set-off, and the circuit court overruled the demurrer. As the off-set claimed exceeded the amount of the note, judgment was rendered for the defendants.

The note in this case being negotiable, the statute which fixes the rights and liabilities of parties to bonds and ordinary notes when assigned, does not apply, but we must look to the general law applicable to bills of exchange, as by statute this note "has the same effect and is negotiable in like manner as an inland bill of exchange."

This note being endorsed after it became due, the endorser took it subject to all the equities attached to it in the hands of the payee. These equities are such as are connected with the note itself, and not such as grow out of distinct and independent transactions between the original parties. A set-off that might have been asserted against the payee cannot be set up against the endorsee, although the note was transferred after it became due: Burroughs vs. Moss, 10 Barn & Cress., 558; 10 Mees & Wels. 696; 2 Penn. State R., 103; Story on Bills, § 220.

The demurrer to the set-off should have been sustained, and judgment should have been rendered for the plaintiff for the amount of the note and interest, as the set-off was the only defence made in the answer. The judgment is therefore, with the concurrence of the other judges, reversed and the cause remanded that it may be proceeded with in accordance with this opinion.