HENRY C. FARRIS, Respondent, v. BENJAMIN F. CATLETT, Appellant.

*Note—Endorsee.*—The endorsee of a negotiable note, endorsed to him after maturity, takes it subject to the equities existing between the maker and endorser.

*Note—Equity.*—An answer setting forth that the note sued upon was endorsed to the holder after maturity as a collateral security, and with notice of an agreement between the maker and payee that the note was to be delivered to trustees to pay off encumbrances upon the lands in consideration of the purchase of which the note was given, presents a defence in equity which it was error to strike out and give judgment for the plaintiff.

*Appeal from Buchanan Court of Common Pleas.*

*Vories & Vories,* for appellant.

The only question presented in this case is, does the answer of the defendant present facts which constitute a defence to the plaintiff's action? It is contended by the defendant that the plaintiff having taken the note not for value, but as collateral security for another debt; or that, if he had notice of the facts, as alleged in the answer; or that, if he took the note after due, (all of which facts are admitted by the motion to strike out the answer,) he stands just in the same position that Nixon, the payee of the note, would have stood if he had brought suit to recover the note himself. (Chitty on Bills, s. p. 217, 218, and notes; Story on Bills of Exchange, § 187 and following; Ship & Woodbridge v. Stacker et al., 8 Mo. 145; 2 Grenl. Ev. § 199.)

*Loan & Bassett,* for respondent.

I. The answer was properly stricken out. The matters contained in it present no bar to plaintiff's cause of action. The note is absolute on its face, and if the payee of the note failed to observe his agreement with the maker thereof, his remedy is on the contract, and not by a defence to the note. (Atwood v. Lewis, 6 Mo. 392; Bircher v. Payne, 7 Mo. 462.) The matters set forth in the answer do not show a payment, defeasance, or other discharge of the note.

BATES, Judge, delivered the opinion of the court.

Farris v. Catlett.

This is a suit on a negotiable note, made by the defendant to Nixon, and by him endorsed to the plaintiff.

The defendant answered that the note was, after maturity, assigned by Nixon, without consideration, to the plaintiff as collateral security for a precedent debt; that when the note was given it was part of the consideration of the purchase, by defendant from Nixon of a piece of land which was then encumbered by several deeds of trust, (which included also other lands) and that it was agreed between the defendant, said Nixon, and the parties to said deeds of trust, that the note should be turned over to one of the trustees in said deeds of trust, who should collect the same and pay the amount thereof upon the debts secured by said deeds of trust, in proportion to their several amounts; and thereupon the land was to be released from the liens of said deeds of trust; of all which the plaintiff had full knowledge when he acquired said note; that the defendant has been compelled to buy said deeds of trust at a cost exceeding the amount of the note to prevent the sale of the land under the deeds of trust, and now credits the amount of said note on the debts secured by the deeds of trust; and the defendant further stated that the whole consideration of the purchase of the land has been paid except this note.

On motion, the answer was stricken out and judgment given for plaintiff.

The answer was improperly stricken out. It contained no defence at law, for the note was due and payable as therein specified, notwithstanding the collateral arrangement made at the time of execution. (Atwood v. Lewis, 6 Mo. 392; Bircher v. Payne, 7 Mo. 462.) In equity, however, the matter stated in the answer did constitute a defence, for the plaintiff, under the circumstances stated in the answer, stands in no better position than Nixon, the payee, himself; and if Nixon should require the payment to himself of the note, in violation of the agreement stated in the answer, it would be fraud upon the defendant.

Judgment reversed, and cause remanded, that the answer may be reinstated. Judges Bay and Dryden concur.