Unseld v. Stephenson.

————

JOHN C. UNSELD, Respondent, v. JAMES N. STEPHENSON et al., Appellants.

Notes—Equities.—The equities which affect a negotiable note, endorsed or assigned after maturity, must be such as attach to the particular note, and not such as arise out of independent transactions between the parties.

Appeal from St. Louis Circuit Court.

A. R. Kellam, for respondent.

Knox & Smith, for appellants.

The facts are stated in the opinion.

BAY, Judge, delivered the opinion of the court.

The suit was founded on a note executed by defendants to one Burke for $1,000, assigned by Burke to Coons after maturity, and by Coons endorsed and transferred to plaintiff.

In answer to the petition, defendants state that James N. Stephenson, one of the defendants, and Coons, on the 19th of June, 1856, about the time of the execution of the note, entered into articles of copartnership in carrying on the Missouri Hotel, in the city of St. Louis, at that time carried on by said Stephenson; that by the tenor of said agreement Coons was to pay to said Stephenson the sum of one thousand dollars, in consideration of being admitted into the partnership; that the note sued upon was executed to enable Coons to raise the money so agreed to be paid, and they suppose he received the money and vested it in the business as his share of the capital; that Coons afterwards paid and satisfied said note, and, instead of cancelling it, took an assignment to himself, and then assigned it to plaintiff; that the note was in fact given for money loaned by Burke to Coons, and that the assignment to plaintiff was made to defraud the defendants.

Upon the trial the defendants read in evidence the article of copartnership, by which the parties stipulated to carry on the business for a period of one year from the 19th June, 1856, the net profits to be equally divided between them.

The defendants then introduced Coons as a witness, who testified that the consideration of the note was money loaned by Burke to Stephenson; that he procured the loan for Stephenson; that the note had not been paid, and that he had never agreed or promised to pay it; that it was assigned to witness for collection, and that he transferred it to plaintiff in payment of a debt due from him to plaintiff amounting to about $600. This was all the evidence given in the cause, whereupon the defendants asked the court, sitting as a jury, to declare the law as follows:

" That if the loan was procured by Coons of Burke on the

note of defendants, and the proceeds, under the agreement read in evidence, used in the business of the Missouri Hotel, carried on by defendant James N. Stephenson and Philip Coons, and that after maturity said Burke assigned said note to said Coons, and that said Coons assigned it to said plaintiff, then plaintiff took said note, subject to all equities between the parties, and Coons was liable to the payment of of one-half, as copartner of said James N. Stephenson, and that defendants, by the assignment of said note to said Coons after maturity, were discharged from payment of one-half the amount."

The court refused so to declare the law, and defendants duly excepted. A motion for a new trial being overruled, the cause is brought here by appeal.

There is no error in the ruling of the court. The evidence fails to disclose any defence whatever. The statement in the answer, that it was a loan to Coons, and that Coons was to pay $1,000 to Stephenson in consideration of being admitted into the partnership, is wholly without proof. On the contrary, the proof is that it was a loan from Burke to Stephenson. Coons so states in his testimony, and the fact is recited in the articles of agreement read in evidence. Nor is there any proof in the case tending to show that the note was ever paid or satisfied.

The note sued on is a negotiable note, for it is expressed on its face to be for value received, negotiable and payable without defalcation. (1 R. C. 295.) It is true, that by reason of the transfer being made after maturity, the holder took it subject to any equities between the antecedent parties, but those equities must be such as attach to the particular note, and not such as arise out of independent transactions between the parties. (Story on Prom. Notes, 178.) No such equities are shown to exist in this case.

The other judges concurring, the judgment will be affirmed.