WILLIAM MATTOON, Defendant in Error, *v.* WILLIAM G. MC-DANIEL, Plaintiff in Error.

*Bills and Notes—Illegal Banking.*—The endorsee of a bill or note even with notice takes the instrument, subject only to such defences and equities as attach to the instrument itself. That a corporation endorsing a note had violated the provisions of the act concerning illegal banking, R. C. 1855, sec. 4 and 5, by receiving and passing the notes of non specie-paying and foreign banks, does not affect the note itself, but is a defence only when the party is sued by the corporation.

*Merryman,* for appellant.

Did the answer present a defence to the cause of action? As to the note assigned after maturity, we think there can be no doubt under the act. (R. C. 1855, p. 286.) If the Parkville and Grand River Railroad Company passed and received, in this State, bank notes and other paper currency of a less denomination than five dollars, and passed and received, in this State, suspended and non specie-paying bank notes, by the 9th section of that act it forfeited its right to recover on any debt due the company. (Christian University v. Jordon, 29 Mo. 68.)

It may be remarked that the court below did not doubt the legality of the defence, if the suit had been brought in the name of the company; but such a defence could not be made to an assignee of the note. One of the notes was assigned after due, and the assignee took it with all the equities attached to it in the hands of the payee; such equities are such as are connected with the note itself. We admit that an independent transaction between the original parties

could not be set up, but this defence is connected with the note itself; then if the payee could not recover, the assignee cannot; and if the defence could not be made against an assignee of a note, the entire law in relation to banking currency would be nullity on the statute book, for the payees could avoid its affect by a transfer of the note. (See the case of Gullett v. Hoy & Orton, 15 Mo. 399; Baker v. Brown, 10 Mo. 396; 16 Mass. 473; 8 Pick. 342; 3 John. Ch. 425; 13 John. 9; Story on Bills, § 220.)

Two of the notes were assigned before maturity, and to these appellant charges in his answer that respondent, and not the company, procured the execution of the note by the appellant, and respondent did it with a knowledge of the fact that said road company could not recover on any debt due it. He further charges that respondent knew, at the time he received the notes, that said company could not recover on the same. He further charges that respondent received the notes to avoid, if possible, the defence of appellant and with knowledge of all the facts, and the same was done to evade the forfeiture of the assignor's right to recover.

The assignment of the notes to respondent under the circumstances was a fraud on the obligor, and if respondent received the notes with knowledge of the fact that appellant had a good defence to them, he stood in the same condition that the obligee stood, and the fact of their being negotiable does not avail. (10 Mo. 399; Story on Bills, § 187, 184, 194; 8 Wend. 437; 15 John. 270; 6 Tenn. 61.)

*Clough*, for respondent.

I. A forfeiture of the charter can only be plead by a creditor in a suit brought by the *company itself*. The statute on illegal banking, &c., referred to and relied upon by defendant, *does not contemplate* an *entire* forfeiture of the charter of a company, so as to impart notice to everybody, other than by the usual proceedings of " *quo warranto*," but does authorize the statute to be plead in any particular case where the company itself is the party litigant, which plea, when substan-

tiated, operates as a forfeiture only *"pro hac vice."*   (Christian University v. Jordon, 29 Mo. 68.)

DRYDEN, Judge, delivered the opinion of the court.

This was a suit by Mattoon, the endorsee of three negotiable promissory notes against McDaniel, the maker.   The Parkville and Grand River Railroad Company, a corporation created under the laws of the State, was the payee of the notes, and endorsed them to the plaintiff, one after, and the other two before due.

The defendant plead a special plea of fraud, but which he abandoned ; and, for a further defence to the action, he pleaded that before the endorsement of the notes the railroad company, the endorser, had received and paid out, in this State, as well bank notes under the denomination of five dollars, as also the notes of non specie-paying banks, contrary to the provisions of the 4th and 5th sections of the law of 1855 concerning illegal currency ; and averring notice to the plaintiff of these violations of the law, and of the defendant's purpose to rely upon them for his defence at the time the plaintiff accepted the endorsements.   The court, on motion of the plaintiff, struck out the answer and rendered judgment for the plaintiff for the amount of the notes, and the defendant appealed to this court.

Negotiable promissory notes are on the same footing as inland bills of exchange, and the same rules of law govern the rights and liabilities of the parties to the security in the one case as in the other.   When the endorsee of such note takes it past due, or if before due with notice, he takes it subject to all equities that attached to it in the hands of the payee.   These equities, however, are such only as are connected with the note itself, and not such as grow out of distinct and independent transactions.   (Gullett v. Hoy & Orton, 15 Mo. 399 ; 10 Barn. & Cress. 558 ; 10 Mes. & Welsby, 696 ; Story on Bills of Ex. § 220.)

While it may be conceded that in an action, in the name of the payee, on these notes, the defence here sought to be

set up could have been sustained, yet the matter of the defence having no connexion with the notes, or with the transaction out of which they grew, is not available as against the plaintiff, the endorsee.

It is unnecessary to give an opinion, and we therefore give none, upon the question raised as to whether the defence given by the "illegal currency" act can, in any case, be made to an action by any assignee of the offending corporation, or whether the defence is not limited to actions by such corporation.

No error was committed in striking out the answer, and the judgment of the Circuit Court will be affirmed. The other judges concur.