35    99
71a  296

JESSE ARNOT *et al.*, Respondents, *v.* JACOB WOODBURN, Appellant.

*Notes—Surety—Securities.*—The surety is entitled, upon paying the debt of his principal, to the securities pledged to the creditor by his principal.

*Notes—Equities—Defence.*—The maker of a note assigned after maturity, can set up such equities only against the holder as are connected with the note itself, and not such as grow out of distinct and independent transactions.

. *Appeal from St. Louis Common Pleas Court.*

*R. S. Voorhis,* for appellant.    ,

I. The facts negative the material allegation in the petition, viz. : that Osborne, Camp & Co., endorsed and delivered the note sued on, to the plaintiffs for a valuable consideration, who are now the lawful holders and owners of said note. This allegation is denied in the answer.

The plaintiffs simply failed to make out their case on the proof. It was incumbent upon them to prove the assignment of Osborne, Camp & Co. to them, and as Bacon delivered the note to them, to prove his agency or authority from Osborne, Camp & Co. (Hardesty v. Newby, 28 Mo. 567.)

II. The payment of the $500 note by the plaintiffs was gratuitous. The declaration of Anderson Arnot, the witness, that the note was protested, is not sufficient, unless the plaintiffs show that the protest was lost or beyond their control. There is no legal proof, then, of protest. There is no proof of *notice* of *protest* given to the plaintiffs. Without such notice, they were not bound to take up the note, and their taking it up was voluntary ; so that they cannot recover on the collateral. (2 Pars. Notes, 209, 456; Bachellor v. Priest, 12 Pick. 399.)

III. The plaintiffs are not *bona fide* holders of the note

sued on, for they did not receive it in the ordinary course of trade, and for valuable consideration.

The evidence discloses that Bacon held the note as a collateral to another note made by Osborne, Camp & Co., and endorsed by the Arnots as security. The answer admits that Bacon held the note as a collateral security, but alleges that the note to which it was collateral was paid, and the collateral released. Anderson Arnot testifies that the $500 note was given in July, (a month before the note sued on became due,) in lieu of another note; the same parties and relations being preserved in the note, and the time extended six months. This was a period long after the note sued on became due.

The fact then is, that the note to which the note sued on was collateral, was discharged and satisfied by the substitution of another note with extended time. This act of substitution and extension of time released the collateral. It had done its office. (Story on Prom. Not. §§ 408, 413 & 414; Byles on Bills, 313, t. p.; also, note 5; 1 Pars. Notes, 224, 238, 239; Globe Mut. Ins. Co. v. Carson, 31 Mo. 218.)

Bacon's right over the note sued on, as a collateral, was gone. He could not hold it as collateral to the substituted note without the consent of Woodburn, who was a mere accommodation maker. Bacon could not, therefore, pass the note to plaintiffs with any available rights. The plaintiffs are not, therefore, *bona fide* holders for value. (1 Pars. Not., 223, 224 & 239; Michels v. Colvin, 4 Barb. 304; Wardell v. Howell, 9 Wend. 170; Stalker v. McDonald, 6 Hill, 93.) This is upon the supposition that Bacon passed the note to the Arnots as collateral to the one they took up.

IV. The plaintiffs received the note long after it was due, and therefore subject to equities. Mr. Bacon had released the collateral, or rather it was released by operation of law, so that it was no longer available to him as a security. He had no title to transfer; in fact, the plaintiffs do not pretend to hold through him; they allege assignment from Osborne, Camp & Co., the payees. By the evidence of one of the

plaintiffs, the note went into their hands dishonored; and, by their admission, made on trial, Osborne, Camp & Co. were indebted to the defendant in a sum not less than five thousand dollars. As between the payees and the defendant, had the note been for consideration, he could have pleaded this indebtedness by offset, and it is available against the plaintiffs. (Goodman v. Simonds, 19 Mo. 106; Wheeler v. Barnet, 20 Mo. 573; Farris v. Catlett, 32 Mo. 469.)

V. If, by any possibility, the plaintiffs have an action against the defendant, it is not in the present form. The plaintiffs and defendant did not stand in the relation of prior and subsequent endorsers to the debt of Osborne, Camp & Co. due to James H. Bacon. The relation is that of co-sureties; and in such case the action must be for contribution; for money paid to the use of the defendant, in which the plaintiffs could recover only one-third of the amount paid by them, there being three securities. (Byles on Bills, 319, t. p.; 2 R. C. 1456, §§ 7 & 8; Kemp v. Finden, 12 M. & W. 421.) And although the debt is secured by different instruments, still there must be mutual contribution. (Byles on Bills, 319; Deering v. Earl of Winchelsea, 2 Bos. & P. 270; Mayhew v. Crickett, 2 Swanst. 184; Hayden v. Cornelius et al., 12 Mo. 321.)

*Wise*, for respondent.

BATES, Judge, delivered the opinion of the court.

This suit was upon a negotiable promissory note made by the defendant to Osborne, Camp & Co., and which the plaintiffs allege, and the defendant denies, was endorsed by Osborne, Camp & Co. to the plaintiffs.

It appeared in evidence that the plaintiffs had for the accommodation of Osborne, Camp & Co. endorsed a note for them for five hundred dollars, and that the note so endorsed, had been delivered by them to one Bacon; and that the note of the defendant for $277.50, which is the foundation of this suit, had been also, without the knowledge of plain-

tiffs, delivered by Osborne, Camp & Co. to Bacon, as collateral security, with the note endorsed by plaintiffs; that the note so endorsed by plaintiffs was protested for non-payment, and the plaintiffs paid it to Bacon and received it from Bacon, and with it the note of defendant, which Bacon held as a collateral, and which was then part due.

Osborne, Camp & Co. were and are indebted to the defendant in a sum exceeding the amount of the note of defendant which is the foundation of this suit. Judgment was given for the plaintiffs, after the court had refused the following instructions asked by the defendant:

1. If the jury believe from the evidence, that the note sued on was deposited by Osborne, Camp & Co. with James H. Bacon as collateral security for the payment of the five hundred dollar note spoken of, and that there was no agreement made by plaintiffs that they should be protected in their endorsement of said five hundred dollar note by collaterals, and that the endorsement of plaintiffs on said note was given without any knowledge of having any collaterals, and that the note sued on passed into the possession of plaintiffs without any agreement to that effect between plaintiffs and said Osborne, Camp & Co., then plaintiffs are not the legal holders of the note sued on, and the jury must find for the defendant.

2. If the jury believe from the evidence, that the note sued on came into possession of plaintiffs after its maturity, and that at the time of such maturity the payees thereof, Osborne, Camp & Co., were, and still are indebted unto Jacob Woodburn, defendant herein, in an amount greater than said note, then such indebtedness will be a bar to the recovery of plaintiffs in this suit, and the jury must find for defendant.

As to the first of these instructions. When the plaintiffs paid and took up the note of Osborne, Camp & Co., on which they were endorsers, they acquired a title to that note (and not a mere claim against Osborne, Camp & Co. for money paid to their use); and the note of defendant being collateral to the note so taken up by them, passed with it to the

plaintiffs, who thus became the legal holders of it, as Bacon had been before.

As to the second instruction. Although the plaintiffs acquired the note after maturity, yet the maker of it could only set up such defences as were connected with the note itself, and not such as grew out of distinct and independent transactions. (Mattoon v. McDaniel, 34 Mo. 138; Gullett v. Hoy, 15 Mo. 399.)

Both instructions were properly refused.

Judgment affirmed. Judges Bay and Dryden concur.