JOHN GRIER, Appellant, *v.* F. W. HINMAN ET AL., Respondents.

June 8, 1880.

The indorsee of an overdue negotiable note does not take it subject to set-offs arising out of independent transactions between the original parties.

APPEAL from the St. Charles Circuit Court, EDWARDS, J. *Affirmed.*

McDEARMON & GAUSS, for the appellant: The assignee of an overdue note takes it subject to all the equities in favor of the maker against the assignor. — *Livermore* v. *Blood*, 40 Mo. 48 ; *Chappell* v. *Allen*, 38 Mo. 213 ; *Farris*

v. *Catlett*, 32 Mo. 469 ; *Wheeler* v. *Barrett*, 20 Mo. 573 ; *Rippy* v. *Rippy*, 46 Mo. 571.

F. W. HINMAN, for the respondents, cited : *McPherson* v. *Meek*, 30 Mo. 345 ; *Johnson* v. *Beasley*, 65 Mo. 250 ; *Werne* v. *Kenyon*, 66 Mo. 275.

HAYDEN, J., delivered the opinion of the court.

This is an action brought to enjoin a suit at law. The plaintiff made and delivered in April, 1877, to Friedrich, sheriff of St. Charles County, a promissory note for $140.90, which note was given for property bought by the plaintiff at a sheriff's sale under an attachment proceeding brought by the plaintiff against one Fox, since deceased, for the purpose of enforcing a landlord's lien for rent. This suit was dismissed, and the petition avers that the estate of Fox still owes the debt. After the maturity of the note it was assigned to Hinman, who, in April, 1878, brought suit on it before a justice of the peace against Grier, the present plaintiff, which suit is pending. As the estate of Fox was insolvent, and owed plaintiff a promissory note for $500, a sum over the amount for which a justice of the peace has jurisdiction, payable on the 1st of March, 1877, and overdue, the plaintiff, on the ground that he cannot plead such note as an offset before the justice, and thus, unless relief be given him, he will be deprived of the benefit of his demand against the estate of Fox, asks that the defendants be restrained from prosecuting the suit against him, and that judgment be rendered in his favor for the difference beween the two notes. There was judgment below for the defendants.

The theory of the plaintiff is, that as the note for $140.90 was assigned to Hinman after the attachment suit of *Grier* v. *Fox* had been dismissed, and Fox had died in the meantime, Fox's estate was entitled to the proceeds of the sale of his property under the attachment ; that the note was a part of the proceeds ; and that Hinman, as attorney for

Fox's administratrix, or as her agent, in making settlement with the sheriff, took the note as so much cash, the assignment thus being to Fox's estate. Hence it is argued that the plaintiff is entitled to use the note which he holds against Fox's estate as an offset to the note on which he is sued; that, as Hinman received the note after maturity, it was subject in his hands to all the equities existing in favor of the maker against Hinman's assignor.

But even if we assume the facts are correctly put, the conclusion does not follow. The doctrine which prevails in this State is that the indorsee of an overdue negotiable note takes it, as against the maker, subject to the equities arising out of the note itself, but not subject to set-offs arising out of independent transactions between the previous parties to the note. This subject was recently discussed in the case of *Haeussler* v. *Greene*, 8 Mo. App. 451, and what is said there is decisive of the present case. On the law as there declared, it is plain there is no equity in the plaintiff's bill. Though Fox's estate may have owed the note for $140.90, and though Hinman may have acquired it after maturity, this gives the plaintiff no right to set up as against Hinman, as a defence to this negotiable paper, a claim arising out of another note, namely, that for $500. Nor does it make any difference that Hinman knew of the existence of the set-off or of the insolvency of the assignor. The indorsee has a right to rely upon the rule, well settled in this State since the decision in *Gullett* v. *Hoy*, 15 Mo. 399, that the indorsee of overdue negotiable paper is liable only for those equities which attach to the paper itself. The cases relied on by the plaintiff are cases of demands arising out of the transaction in which the paper was given; in other words, of genuine equities, not of mere offsets. 40 Mo. 49; 38 Mo. 213; 32 Mo. 469. See especially 20 Mo. 575. As these considerations dispose of the case, it is unnecessary to consider any other reasons why the plaintiff should not recover.

The judgment is affirmed. All the judges concur.