CUTLER v. COOK  *Plaintiff in Error.*

**Negotiable Paper:** SET-OFF. A negotiable promissory note transferred after maturity passes into the hands of the indorsee subject only to such equities and defenses as are connected with the note itself, not such as grow out of distinct and independent transactions. The statute of set-off, (R. S. 1879, ≬ 3868,) is not applicable to negotiable paper. Overruling *Munday v. Clements*, 58 Mo. 577.

*Error to Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

**AFFIRMED.**

*Higbee & Shelton* for plaintiff in error, cited *Munday v. Clements*, 58 Mo. 577; *Norton v. Foster*, 12 Kas. 49; *Newberry v. Trowbridge*, 13 Mich. 263.

*Vrooman & French* for defendant in error.

MARTIN, C.—This was an action on a negotiable promissory note commenced on the 24th day of January, 1879. The note was as follows:

" GLENWOOD, Mo., April 9th, 1878.

Four months after date, I promise to pay B. S. Shirley, or bearer, $23.44, for value received, with interest from date at the rate of ten per cent per annum.

(Signed)                                      ELI COOK."

A payment of $10 is indorsed on it of the 12th day of April, 1878.

The defendant Cook filed an answer pleading, as a set-off against the note, an order for $35 in timber, drawn by C. E. Vrooman, Allen James and A. B. James, in favor of Edward Higbee, and directed to B. S. Shirley, who accepted it in writing; that payment had been refused to Higbee, who afterward assigned it to E. Binny, who indorsed and delivered it to the defendant in this case after the maturity of the note sued on, and before Shirley, the payee or bearer, had transferred it to any one; that while

defendant had the order and Shirley held the note, defendant demanded payment of the order, and that Tannehill, to whom Shirley first assigned the note, had full knowledge of the set-off pleaded.

The trial resulted in a judgment for plaintiff for the full amount due on the note. When the case was taken up to the circuit court the plaintiff interposed a demurrer to the answer pleading the set-off. This demurrer was sustained, and the trial resulted in a judgment for plaintiff for the full amount sued for.

The amounts involved in the suit are small, but the point for decision is a very important one to the commerce of the State. It is maintained by the plaintiff in error that our statutes relating to offsets and defenses will authorize an offset of an independent debt to negotiable paper acquired by the plaintiff after maturity, provided the offset existed against the holder after maturity, and with notice of the offset. There ought to be no doubt about the law on this question, but unfortunately the decisions of the courts of last resort furnish some cause for doubt and uncertainty.

The 3rd and 4th sections of the act concerning bonds and notes in the Revised Statutes of 1835, provided that the maker or obligor of a bond or note should be allowed every just set-off against the assignor or assignee, unless it contained the words which made it a negotiable instrument. R. S. 1835, p. 105. The statute regulating set-off contained nothing bearing on the subject. The substance of these provisions seems to have been in force prior to the revision of 1835. These two sections were carried forward into the revision of 1845, (R. S. 1845, pp. 190, 191, §§ 3, 4); the statutes on set-off remained unchanged in respect to bonds and notes. These sections, with a slight change in phraseology, appear in the revision of 1855, and the statutes on set-off remain the same. R. S. 1855, p. 322, §§ 3, 4. In the General Statutes of 1865, these two sections are left out of the statute which was denominated

" Contracts and Promises," in which they had always appeared under its old designation of " Bonds and Notes." But the statute on offset included a section which was evidently intended to take the place of the discontinued provisions. It reads as follows: " In actions on assigned accounts and non-negotiable instruments, the defendant shall be allowed every just set-off, or other defense, which existed in his favor at the time of his being notified of such assignment." Gen. St. 1865, p. 602, § 2. This section is carried into the revision of 1879, and constitutes section 3868 in the statute of set-off, (R. S. 1879, § 3868,) and it does not appear in any form in the statute on " Contracts and Promises."

When these provisions were first construed they were held by Judges McGirk and Scott to apply only to non-negotiable paper. *Collins v. Waddle*, 4 Mo. 452 ; *Maupin v. Smith*, 7 Mo. 402. These decisions were rendered in 1836 and 1842. In 1847, Judge Wash held in *Baker v. Brown*, 10 Mo. 396, that the statute applied to negotiable paper provided it was fraudulently assigned to avoid any legal set-off. This decision was followed by Judge Ryland in 1857 in *Martindale v. Hudson*, 25 Mo. 422. No reference in it will be found to the early decisions or the statute, nor to the case of *Gullett v. Hoy*, 15 Mo. 399, decided by Judge Gamble in 1852, in which he followed the law as laid down in the early decisions, and laid down the doctrine that a negotiable promissory note transferred after it became due passes into the hands of the indorsee subject only to such equities and defenses as are connected with the note itself, not such as grow out of distinct and independent transactions. This doctrine has been affirmed so often that it ought to be regarded as settled. *Wheeler v. Barret*, 20 Mo. 573 ; *Unseld v. Stephenson*, 33 Mo. 161; *Mattoon v. McDaniel*, 34 Mo. 138; *Arnot v. Woodburn*, 35 Mo. 99 ; *Haeussler v. Greene*, 8 Mo. App. 451 ; *Grier v. Hinman*, 9 Mo. App. 213.

The decision of Judge Wagner in *Munday v. Clements*, 58 Mo. 577, holding that this provision about set-off applies to

negotiable promissory notes when transferred after maturity, is in conflict with the decisions upon the subject since 1836. The provision in the statutes of 1865 and 1879, more clearly than the old sections for which it was substituted, purports to apply to non-negotiable instruments; and in the decision of *Gullett v. Hoy*, Judge Gamble held that the provisions of the old statute did not apply to negotiable paper transferred after maturity. The language of the section, 3868, which was in force when the note sued on was made and assigned, preserves the right of set-off in actions on assigned accounts and "non-negotiable instruments." The note sued on was not a non-negotiable instrument. It was a negotiable instrument, and its description as an instrument is not changed by the fact of assignment after maturity.

The argument against the right of set-off in this case may be stated as follows : Under the law merchant governing negotiable paper, a negotiable instrument passing into the hands of an innocent holder for value before maturity, is exempt from all equities between the original parties. When it passes for value after maturity, the purchaser acquires it subject to such equities as are connected with or inhere in the paper, but exempt from all equities arising out of independent and collateral transactions. Story on Bills, (4 Ed.) § 220; 1 Edwards Bills and Notes, (3 Ed.) § 379; *Burrough v. Moss*, 10 Barn. & Cress. 558; *Whitehead v. Walker*, 10 M. & W. 698; *Robinson v. Lyman*, 10 Conn. 30. Under the law merchant this note passed to the plaintiff exempt from all rights of set-off on account of independent transactions between the original parties. These are not, properly speaking, equities. The legislature has seen fit to provide for the preservation of the rights of set-off, and in doing this they have preserved it in favor of the maker of non-negotiable paper. This leaves negotiable paper as it existed under the law merchant. Such paper is not only left as before, but it is

impliedly continued by the act as it existed under the law merchant.

I may add here that the answer stricken out did not contain the statement of any fact, such as insolvency or non-residence of the assignor, upon which equity might interpose and decree or adjudge an equitable offset.

The judgment is affirmed. PHILIPS, C., concurs; WINSLOW, C., not sitting.