## M. W. BARBER, Respondent, v. S. E. BAKER *et al.*, Appellants.

### Kansas City Court of Appeals, May 3, 1897.

Set-Off: NONNEGOTIABLE NOTE: ACCOUNT: JUDGMENT. Baker gave Ranson his nonnegotiable note. Before Ranson assigned the note to Barber and before Baker was notified of the assignment, Ranson became indebted to Baker on an account. Baker sued Ranson on the account and while such suit was pending Barber sued Baker on the assigned note. Baker then obtained judgment against Ranson and pleaded it as a set-off against Barber on the note. *Held*, Baker could have offset the account if it had not been reduced to judgment, but since it was merged in the judgment neither the judgment nor the account could be offset against Barber on the note.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*Chase & Shannon* and *F. J. Chase* for appellants.

(1) In actions in Missouri on assigned nonnegotiable instruments, the defendant shall be allowed every just set-off, or other defense, which existed in his favor at the time of his being notified of such assignment. R. S. 1889, sec. 8161; *Haeussler v. Greene,* 8 Mo. App. 451. A note which is uncertain as to the amount to be paid is nonnegotiable. *Bank v. Gray,* 63 Mo. 33; *Cushing v. Field,* 70 Me. 50; *Hope v. Baker,* 112 Mo. 338. (2) Whenever justice requires it a judgment will be adjudged to be an old debt in a new form, and not regarded as creating a new debt. *Evans v. Sprigg,* 2 Md. 457; *Betts v. Bagley,* 12 Pick. 572; *Clark v. Rowling,* 3 Comstock, 320; 2 Black on Judgments, sec. 677, p. 815; Freeman on Judgments [3 Ed.], 457; *Donald v. Kell,* 111 Ind. 1; *Bank v. Townsend,* 114 Ind. 534; *Murphy v. Manning,* 134 Mass. 488; *Pence v. Armstrong,* 95 Ind. 191. (3) Although for some purposes a cause of action is considered as merged in the judgment, yet this rule is not universal in its application. *Riley's Adm. v. McCord,* 21 Mo. 285; *Boyd v. Ellis,* 107 Mo. 394; *Wilson v. R. R.,* 87 Mo. 431; *Pence v. Armstrong,* 95 Ind. 191.

*Porterfield, Pence & Webster* for respondent.

(1) Appellant to sustain his appeal, depends upon section 8161, Revised Statutes, 1889. Appellant, as defendant below, pleaded for a set-off the judgment rendered in favor of appellant, S. E. Baker *v.* John R.

Ranson, on the twenty-eighth day of March, 1896. The evidence shows that appellant had notice of the asignment of the note in suit by Mr. Ranson to the respondent herein, at the latest, in the month of May, 1894, so that the judgment which the appellant undertook to assert against the claim of the respondent herein was not in existence until long after appellant had notice of the assignment of the note in suit, and long after appellant had notice of the institution of this suit. (2) The cases from other states cited by appellant in support of his theory of the law that a cause of action merged in a judgment is not to be regarded as a new debt, simply held that in bankruptcy and insolvency proceedings the nature of the claim upon which a judgment is founded may be inquired into for the purpose of properly classifying the judgment. Each of these cases goes further, however, and holds that a judgment extinguishes the original debt, so as to prevent a second action being maintained upon it. The Missouri cases cited in the brief of appellant do not touch the question in this case. (3) "A demand can not be set off in equity any more than at law, unless it existed against the plaintiff in favor of the defendant, at the time of the commencement of the suit, and had then become due." *Reppy v. Reppy*, 46 Mo. 571, 573; *Todd v. Crutsinger*, 30 Mo. App. 145; *Skaggs v. Given*, 29 Mo. App. 612, 615; Waterman on Set-off [2 Ed.], sec. 66, and numerous cases cited. (4) The following authorities hold that a judgment recovered by the defendant, or assigned to him after action brought, can not be pleaded as a set-off. *Evans v. Prosser*, 3 Term Rep. 186; *Irvin v. Wright*, 2 Ill. 135; *Bibb v. Sanndey*, 2 Bibb. (Ky.) 86; *Hawthorn v. Roberts*, Hard. (Ky.) 75; *Mizell v. Moore*, 7 Ired. (N. C.) 255; *Andrews v. Varrell*, 46 N. H. 17; *Lowell v. Lane*, 33 Barb. (N. Y.) 292. (5) A demand is not properly a subject of set-off un-

less it existed when the plaintiff brought his action and at the time belonged to the defendant and was at that time a subsisting cause of action by the defendant against the plaintiff. 22 Am. and Eng. Ency. of Law, p. 274, and note 4; *Henry v. Butler,* 32 Conn. 140; *Ellis v. Cothorn,* 117 Ill. 458; *Rumsey v. Robinson,* 58 Iowa, 255; *Bank v. Chatman,* 19 Johns. (N. Y.) 322; *Martin v. Kunzmuller,* 37 N. Y. 396; *Zuck v. McClure,* 98 Pa. St. 541. (6) There is no proof in this case of any set-off but the judgment that was pleaded; but the original cause of action could not have been proven, when shown, as it was by the pleadings, to have passed into judgment. The original claim was merged in the judgment and became extinguished and could not form the basis of a new action or be pleaded as a set-off. Freeman on Judgments, sec. 224; *Cooksey v. R. R.,* 74 Mo. 477; *Mizell v. Moore,* 7 Ired. (N. C.) 255; *Lowell v. Lane,* 33 Barb. (N. Y.) 292; *Andrews v. Varrell,* 46 N. H. 17.

ELLISON, J.—Plaintiff instituted this action against defendants on a nonnegotiable promissory note executed by defendant to one Ranson, and by Ranson assigned to plaintiff. Plaintiff recovered in the trial court.

The single question involved is the right to set off a judgment in favor of defendant and against plaintiff. The trial court ruled that the judgment could not be set off. The statute (section 8161) is as follows: "In actions on assigned accounts and nonnego-
STATEMENT. tiable instruments the defendant shall be allowed every just set-off on other defense which existed in his favor at the time of his being notified of such assignment."

The facts necessary to understand the point for decision are few and simple. Before Ranson assigned

the note to plaintiff and before defendant was notified of the assignment, Ranson had become indebted to defendant on an account. Defendant sued him on this account, and while that suit was pending plaintiff instituted this action against defendant. Defendant obtained judgment against Ranson before the present action came on for trial, and he pleaded such judgment as a set-off, which, as before stated, the court disallowed. It is clear that defendant could have set-off the amount of his claim against Ranson if he had not reduced it to judgment. For plaintiff's action being on a nonnegotiable instrument, and defendant having a claim against plaintiff's assignor at the time he learned of the assignment to plaintiff, he would have been placed within the terms of the statute.

SET-OFF: nonnegotiable note: account: judgment.

But when he obtained the judgment on the account it was merged in the judgment and the judgment became the sole and only debt owing to defendant. And since it was not obtained by defendant until after plaintiff brought this action, it did not "exist in his favor at the time he was notified of the assignment" to plaintiff. It is, therefore, not within the statute.

Neither would the account be within the statute. For, notwithstanding it existed in defendant's favor when he first learned of the assignment of the note in controversy to plaintiff, yet by putting it in judgment he put it out of existence. It was no longer a subsisting claim and could not be again sued upon; for it is well settled that you cannot vex a debtor by repeated suits upon claims already in judgment, the remedy being a suit on the judgment. If, therefore, a debt which has been reduced to judgment could be utilized as a set-off, we would have the anomoly of a recovery on a claim by way of set-off which could not be sued on directly. It is well settled that this can not be done.

A defendant offering a set-off occupies, substantially, the position of a plaintiff, and must have a subsisting demand which would afford the subject-matter for a cause of action.

The ruling made by the trial court, and which we affirm, is supported by 2 Black on Judgments, section 673; Waterman, Set-off, section 75; *Andrews v. Varrell*, 46 N. H. 17; *Lowell v. Lane*, 33 Barb. 292; *Mizell v. Moore*, 7 Ired. 255; *Irvin v. Wright*, 2 Ill. 135.

We know of no relief for defendant unless he adopts the suggestion of the court in the first of the foregoing cases and procures, in some proper way, a set-off of judgments.

Affirmed.    All concur.