R. C. GEMMELL, Appellant, v. FRANK S. HUEBEN, Respondent.

Kansas City Court of Appeals, May 17, 1897.

1. **Set-off**: MUTUALITY: PROMISSORY NOTES. Debts in order to be set-off against one another should be mutual; and a judgment against the payee of a note can not at law be set off against the indorsee of such payee.

2. **Promissory Notes**: WHAT ARE EQUITIES: DEFENSES. The transferee of a past due promissory note takes it affected with all the equities between the original parties whether he has notice thereof or not, but not subject to all defenses that might be set up against the payee. The equities are that the paper had its inception in fraud, or some defect rendering it void, or want of consideration, or payment.

3. **Judgment**: NEW DEBT: NATURE OF MERGED CLAIM. The merger of a cause of action into a judgment creates a new debt, but the new debt is affected with the nature of the old claim and the pleadings may be examined to ascertain the nature of the merged claim.

4. **Set-off**: CROSS DEMANDS: PROMISSORY NOTE: EQUITY: JUDGMENT. A mere existence of cross demands will not be sufficient to justify a set-off in equity against a nominal owner or assignee without value. There must be some fact disclosing imminent danger of loss, such as insolvency or nonresidency; and, in this case, owing to the connection of a judgment with the transaction out of which the note in suit grew and the insolvency of the payee of the note and the indorsement being without value, it is *held* the judgment in favor of the payee may be set-off against the indorsee suing on the note.

5. ————: TRIAL PRACTICE: EQUITY: DEFENSE. Where the answer sets up a set-off which can only be allowed in equity and not at law the trial should be before the judge in his quality as chancellor.

6. ———: JUDGMENT: APPEAL. Where a judgment sought to be set-off against plaintiff's note has been appealed and not finally determined, it is error to allow such judgment as a set-off.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

REVERSED AND REMANDED.

*M. Campbell* for appellant.

(1)   The instruction given by the court of his own motion is erroneous.  *First.*   In holding that Hueben's $1,200 judgment against the company became a proper offset, if it grew  out of the refrigerator contract; whereas it must "have grown out of the note transaction itself" before it attaches to the assigned note under any circumstances.   It is then an equity, which a set-off is not.   Tiedeman on Com. Paper, sec. 295; Story on Prom. Notes [4 Ed.], sec. 178; *Gullett v. Hoy*, 15 Mo. 399; *Cutler v. Cook*, 77 Mo. 390; *Knaus v. Givens*, 110 Mo. 58; *Haeussler v. Greene*, 8 Mo. App. 451; *Grier v. Hinman*, 9 Mo. App. 213.   *Second.*   In holding that the existence of an unsatisfied debt between the original parties to a negotiable note bars the assignment.   2 Story's Eq. Jur., sec. 1436; 22 Am. and Eng. Ency. of Law, 227; *Oulds v. Harrison*, 28 Eng. Law and Eq. 524.   *Third.* ·  In holding that any or all of these circumstances, if true, prevented the vesting of the title of these notes in the plaintiff. *Oulds v. Harrison*, 28 Eng. Law and Eq. 524; Story on Prom. Notes [4 Ed.], sec. 178, note 2.   *Fourth.*   Of the second, because these notes are negotiable promissory notes (sec. 733, R. S. 1889) and purport by the indorsements to be the property of plaintiff for value (*Taylor v. Newman*, 77 Mo. 263; *Shoe & Clo. Co. v.*

Gemmell v. Hueben.

*Crosswhite*, 124 Mo. 34), while the judgment is against another, instead of plaintiff, and, as a right of set-off, did not follow these notes. Smith's Mercantile Law, 293; *Gullett v. Hoy, supra; Haeussler v. Greene, supra; Grier v. Hinman, supra; Cutler v. Cook*, 77 Mo. 388. The defense is not made by the answer on any other ground than that the title never vested in plaintiff. *Turner v. Hoyle*, 95 Mo. 339. *Fifth.* Of the third, because value was unnecessary to carry title. *Oulds v. Harrison, supra.* Set-off is not an equity against an overdue note, nor is insolvency of the original payee a defense. *Haeussler v. Greene, supra; Grier v. Hinman, supra. Sixth.* Of the fourth, because that judgment is still in litigation by one not a party to this record. *Willard v. Fox*, 18 Johns. 497; *Good v. Good*, 5 Watts (Pa.), 116; *Prouty v. Swift*, 10 Hun. (N. Y.) 233; *Weathered v. Mays*, 1 Tex. 472.

*Lyman & Brown* for respondent.

(1) The court was justified in giving the instructions for defendant and refusing the instructions of plaintiff. *Cutler v. Cook*, 77 Mo. 390, cited by appellant, and any other authorities cited by appellant in regard to the law of set-off against notes transferred after maturity. (2) The law is so well settled in this country, particularly within the state of Missouri, to the effect that a note transferred after maturity passes into the hands of the indorsee subject to such equities and defenses as are connected with the note itself, that the authorities cited by plaintiff are sufficient without making further citations on the part of the respondent. (3) The record, as shown in appellant's abstract, shows that an appeal was granted from the judgment, pleaded by defendant as a set-off, on the fourth day of June, 1896, the day before the trial of this suit. The records of this

appellate court will show that the appeal in that case was never perfected, but that the judgment was affirmed on motion of this respondent.    It seems to be the practice of trial courts in the United States, where one judgment is sought to be set-off against another on motion, and an appeal has been taken from the judgment to be used as a set-off, to retain the motion until the determination of the appeal and then proceed accordingly. *Irvine v. Myers*, 6 Minn. 562; *Coxe v. Bank*, 8 N. J. L. 172; *Terry v. Roberts*, 15 How. Pr. (N. Y.) 65.

SMITH, P. J.—The defendant executed three negotiable promissory notes for $100 each to the Winkler Machine Manufacturing Company, a corporation. After the maturity of the notes the payee therein transferred them by its indorsement thereon to Campbell, who later on transferred them by his indorsement to the plaintiff. The plaintiff, the last indorsee, brought this suit against the defendant, the maker.

The answer of the defendant was to the effect that on the thirtieth day of January, 1896, defendant obtained a judgment against the Winkler Machine Manufacturing Company, the payee in said note, in the circuit court of Jackson county, for the sum of $1,200, which is unpaid, and due defendants against said company, and was obtained on account of damages to defendant, arising out of the contract for the purchase of a refrigerator by defendant Hueben, from said company, and that the notes sued upon were given as a part of the purchase price of said refrigerator, and said notes grew out of that transaction. That the plaintiff is not in fact now, nor has he ever been, the true and legal owner of the note sued on, nor was M. Campbell ever the true and legal owner of said note, but the Winkler Machine Manufacturing Company is now and has at all times since its execution been the true and

ANSWER.

legal owner of said note, and R. C. Gemmell is not the real party in interest; that the Winkler Machine Manufacturing Company is wholly insolvent, and has been so since the rendition of said judgment, and defendant is unable to collect said judgment; that said company, said M. Campbell, and plaintiff, fraudulently planned and conspired together, with intent to cheat, hinder and delay defendant in the collection of his judgment against said company, and to prevent defendant offsetting said note by said judgment wherefore defendant asks to be allowed as a set-off to said notes to the amount of said notes and interest and that said notes be decreed and adjudged a credit upon said judgment, etc.

There was a trial and judgment for defendant and plaintiff appealed.

The principal question thus presented for our decision is whether or not the judgment pleaded is, under the allegations of the answer, available as an offset against the notes in the hands of the plaintiff. The statute provides that if two or more persons are mutually indebted in any manner whatsoever and one of them commences an action against the other, one debt may be set-off against the other, although such debts are of a different nature. R. S., sec. 8160. Manifestly it is inapplicable to a case like this. There is no mutuality here. *Gullett v. Hoy*, 15 Mo. 399; *Cutler v. Cook*, 77 Mo. 388.

At law the defense pleaded could not be allowed. By our statute negotiable promissory notes are placed on the same footing as inland bills of exchange and the rights and liabilities of the parties thereto are governed by the same rules of law in the one case as in the other. If the transfer of such note takes place after maturity the transferee takes it as dishonored and is affected by all the equities between the original parties whether

SET-OFF: mutuality: promissory notes.

PROMISSORY notes: what are equities: de-

he has any notice thereof or not. The equities meant are those connected with the note itself and not such as grow out of distinct and independent transactions. *Gullett v. Hoy*, 15 Mo. 399; *Wheeler v. Barret*, 20 Mo. 573; *Unseld v. Stephenson*, 33 Mo. 161; *Mattoon v. McDaniel*, 34 Mo. 138; *Amot v. Woodburn*, 35 Mo. 99; *Cutler v. Cook*, 77 Mo. 388; *Barns v. McMullins*, 78 Mo. 261; *Knaus v. Givens*, 110 Mo. 58; *Kelly v. Staed*, 37 S. W. Rep. 1110; *Grier v. Hinman*, 9 Mo. App. 213; *Haeussler v. Greene*, 8 Mo. App. 451; *Burrough v. Mass*, 10 Barn & Cross, 558; *Whitehead v. Walker*, 10 M. & W. 698.

In Tiedeman on Commercial Paper, section 295, it is stated that the indorsee of overdue paper does not take it subject to all defenses that might be set up against the indorsers or against the original parties. He takes it subject to the defense, *first*, that it (the paper) had its inception in some fraud or illegality, or was otherwise tainted with some material defect which rendered it void, except in the hands of a *bona fide* holder, and *second*, *that it was without consideration* or that there had been payment or an accord and satisfaction, or that the title of his immediate indorser was defective on account of some equitable defense arising against him. And this statement of the law by the learned author finds abundant support in the great multitude of authorities cited by him in the footnotes to the section just referred to. It was said by Chief Justice SHAW in *Fisher v. Leland*, 4 Cush. 456, that "when a negotiable note is found in circulation after it is due it carries suspicion on the face. The question instantly arises, why is it in circulation? Why is it not paid? Here is something wrong. Therefore, although it does not give the indorsee notice of any specific matter of defense, such as set-off, payment, or fraudulent acquisition, yet it puts him on inquiry, he

takes only such title as the indorser has, and subject to any defense which might be made if the suit were brought by the indorser." *Ibid, Kellogg v. Schnaake*, 56 Mo. 137.

It is said by some of the authorities that a set-off is not an equity (Daniel's Neg. Inst., sec. 1435 a), but in some cases it will be allowed in equity.

The judgment pleaded is a debt of record and as appears from the pleadings it was recovered for a breach of a contract which was the sole consideration for which the notes in suit were given. The general rule is that the merger of a cause of action in the judgment recovered upon it creates a new debt. Black on Judgments, sec. 677; *Barber v. Baker*, 70 Mo. App. 680. But the new debt is often affected by the nature of the old claim. Whenever justice requires it a court may go behind the judgment and examine the pleadings to ascertain the nature of the old claim so merged in it. Black on Judgments, *supra*. An examination of the pleadings in that case shows that the notes and contract on which the judgment was given were part and parcel of the same transaction between the payee and maker of the notes. So that it will not quite do to say that the judgment is not connected with the note transaction itself, but arose out of an independent and collateral transaction.

JUDGMENT: new debt: nature of merged claim.

The mere existence of cross-demands will not be sufficient to justify set-off in equity. A party seeking the benefit of a set-off must show some ground for protection against his adversary's demand. Where the demand sought to be set-off is certain and definite and the adverse party is insolvent, equity will decree an offset. *Field v. Oliver*, 43 Mo. 200; *Fulkerson v. Davenport*, 70 Mo. 541; *Barnes v. McMullins*, 78 Mo. 261,

SET-OFF: cross demands: promissory note: equity: judgment.

and authorities there cited.  In the last cited case it was said that in some cases equity would decree an offset as if the cross demands were between the real owners, having ascertained that the plaintiff was only a nominal owner or an assignee without value.  But in all such cases there had to be some fact disclosing the imminent danger of the defendant being compelled to pay without recovering credit for his cross demand—insolvency or nonresidence of the defendant's debtor was generally accepted as sufficient ground for equitable relief of some kind.  The insolvency of the plaintiff's assignor, the connection of the judgment pleaded with the notes, and the fact that the indorsement is without value are, according to the authorities already referred to, sufficiently pleaded to justify the interference of a court of equity.  If the allegations of the answer just stated are found from the evidence to exist the decree should be for defendant as prayed.

The case is clearly one of equitable cognizance and should have been heard by the circuit judge in his quality as chancellor.  It should be governed by the principles and rules of procedure applicable to proceedings in equity.

——: trial practice: equity: defense.

*Wendover v. Baker*, 121 Mo. 273; *Freeman v. Wilkerson*, 50 Mo. 554; *Conran v. Sellew*, 28 Mo. 320; *Richardson v. Pitts*, 71 Mo. 128; *Stevens v. Howe*, 62 Mo. 473; *Allen v. Logan*, 96 Mo. 591.

The plaintiff objects that an appeal from the judgment pleaded was pending in this court at the time of the trial—that it was imperfect.  The record in the case before us discloses such appeal but it nowhere therein appears that the same has ever been in any way disposed of or that the judgment as rendered was perfected or final.

——: judgment: appeal.

This objection was raised by an instruction in the nature of a demurrer and was by the court denied and

which we think was an error for which we are obliged to reverse the judgment. Black on Judgments, sec. 1005; *DeFegamire v. Young*, 2 Rob. (N. Y.) 670; *Willard v. Fox*, 18 Johns. 497; *Good v. Good*, 5 Watts (Pa.), 116; *Prouty v. Swift*, 10 Hun (N. Y.), 233; *Weathered v. Mays*, 1 Texas, 472.

In the view which we have taken of the case the instructions can not be noticed. *Wendover v. Baker*, *supra*.

The judgment will accordingly be reversed and the cause remanded to the circuit court with directions to be proceeded with in conformity to the convictions of the law which we have herein expressed. All concur.