————o————

SANFORD B. KELLOGG, Respondent, *vs.* CLEMENS A. SCHNAAKE, Appellant.

1. *Promissory Notes—Purchase after dishonor—Defenses, etc.*—The purchaser of a note after maturity takes it subject to all existing and prior equities

*Appeal from St. Louis Circuit Court.*

*Peter J. Taaffe,* for Appellant.

*Lee & Adams,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action on a negotiable promissory note indorsed to plaintiff after maturity, to recover a balance alleged to have been due thereon. The facts appear to be, that on the 2nd day of July, 1868, the defendant executed the note to one Christian Meyer, and secured its payment by a deed of trust on certain lots of ground, in which deed of trust one August Gehner, who sold the note to plaintiff, was trustee. The note

was due and payable one year after date, and on the 23d of February, 1869, the defendant executed a quit claim of the said lots to the said Gehner and one Louisa Hoelgel for the consideration of one dollar and the payment and cancellation of the deed of trust. Before the note fell due Gehner took it up from the holder and kept it in his possession till the 2nd of August, 1869, and then, after it was past due for one month, sold and transferred it to the plaintiff. The plaintiff paid the full face of the note, and then on the same day received from Gehner, the trustee, a quit claim deed executed to him for the lots mentioned. Afterwards, in 1871, the plaintiff prevailed upon the trustee to sell the lots under the deed of trust, and at the sale plaintiff became the purchaser for a less sum than the note called for, and then brought this action to recover the difference between the amount of the note, with interest, and the sum realized at the sale.

The trial was by the court sitting as a jury, and the following declaration asked for by the defendant was given : "If the court sitting as a jury believe from the evidence, that at the time Gehner indorsed the note to plaintiff there was an agreement and understanding between them that the note and deed of trust of Schnaake to Christian Meyer's trustee were then and there and thereby cancelled and paid, then it will find for defendant."

The court refused this instruction, which the defendant requested to be given : "If the court sitting as a jury, believe, that on or about the 23d day of February, 1869, defendant, Schnaake granted and quit-claimed his interest in certain lots situated in Union addition and more fully described in the deed introduced in evidence in the trial of this cause, to August Gehner and Louisa Hoelgel in consideration, among other things, of the payment by said grantees, or either of them, of the note in question, and that either after or before that day the said Gehner took up the note from Otto Dieckman, the lawful holder thereof, and that the said Gehner indorsed and transferred the said note to plaintiff on the 2nd day of August, 1869, after maturity, then it will find for defendant."

The court then rendered a judgment for the plaintiff, from which the defendant has appealed.

The plaintiff admits in his testimony, that before the note was transferred to him and he received the quit claim to the real estate, he had the title to the property examined and was aware of the recital in the deed to Gehner and Hoelgel, that the consideration they gave for the property was the payment of the deed of trust. He also says, that by that expression he understood that the note was paid off. This shows that he had actual knowledge of the fact that the parties took the property in payment of the note. However, as he received the note after maturity, it was subject to all existing and prior equities, even had he not been possessed of that knowledge.

When Gehner took up this note it was already a paid note in his hands. He had received and acknowledged full consideration for it. He could not have maintained an action on it, for the case shows that it was fully paid off in his hands. He had bought the property and the payment of the note was the consideration that he gave for it. If he could not recover, neither can his indorsee, for the latter only succeeded to such rights as his indorser had. The plaintiff acquired the note when it was subject to all the defenses which the defendant might have against it, and one of those defenses was a full and complete payment.

The Circuit Court erred, and its judgment must be reversed and the cause remanded. All the judges concur.