## ALLEN v. DERMOTT, *Plaintiff in Error.*

1. **Deed of Trust**: SATISFACTION BY STRANGER: SUBROGATION. Where a land owner, to save his land, pays a note secured by a deed of trust executed by a former owner, and upon which he is not legally liable, the debt is not thereby extinguished; he is subrogated to the rights of the holder as against the maker.

2. ———. The holder of a secured note may sue on the note without enforcing his security.

*Error to Jasper Criminal Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*Harding & Buler* for plaintiff in error.

*W. M. Robinson* for defendant in error.

MARTIN, C.—The plaintiff sued upon a promissory note made by the defendants, dated May 9th, 1877, and payable in the sum of $359.50 to one John Webb, who assigned the same to plaintiff. It does not appear from the record that any writ of summons was issued in the case. Dermott appeared and pleaded payment. Afterward this plea was withdrawn or superseded by an amended answer in which he denied each and every allegation of the petition. In the same answer he proceeded to state a special defense, which is very long, and may be stated in substance as follows : That on the 9th day of May, 1877, the defendant Dermott and his co-defendant Stringer, conveyed by mortgage a lot in Jasper county to J. C. Webb to secure the note held by him; that in July, 1877, the defendants entered into a " trade " with one Catharine Sharp, by which they conveyed the Jasper county lot and other property to her in exchange for 160 acres of land in Dade county and other property; that the Dade county land was to be and was conveyed to the defendant Stringer, and that Stringer in consideration thereof assumed the payment of the whole of the mortgage resting on the Jasper county lot, and, for the purpose of indemnifying Mrs. Sharp against the mortgage resting on the lot conveyed to her, gave her back a mortgage on the Dade county lot received from her; that afterward Stringer conveyed the Dade county lot to one John A. Allen, " who took the same subject to the indemnifying mortgage aforesaid, and with notice thereof; " that upon threats from Mrs. Sharp that she would foreclose the mortgage on the Dade county lot, said John A. Allen "went to said John C. Webb and paid off the said note in full."

To this statement the defendant adds the following words, which, on motion of plaintiff, were stricken out: " Defendant further says that as to whether the said note was assigned to plaintiff or not, he does not know, but that

if it was, then the assignment was merely colorable and made for the purpose of concealing the fact that the said note was fully paid, and that the said note is not really the property of the said Samson R. Allen, but was paid off and discharged by the said John A. Allen to protect his property from sale thereunder." The answer then goes on to say that if the note in suit should turn out to be the property of the plaintiff, it still remains secured by the original mortgage on the Jasper county lot, which is more than sufficient to satisfy the same; that said lot is claimed to be owned by one Shapley, of Barton county, who took his title subject to said mortgage; that Stringer is insolvent. By reason of these facts the defendant avers that said note has been paid so far as he is concerned. He then asks that if the plaintiff, notwithstanding these facts, "will persist in prosecuting this suit" he be required to make Allen and Shapley parties to it, and to first exhaust the mortgaged property before proceeding further against him.

After the motion to strike out had been sustained, the case went on to trial. The defendant offered no evidence and judgment was given for plaintiff against Dermott alone. Whether the other defendant was served with process or for what reason judgment did not go against him also, does not appear in the record. The defendant saved his exceptions to the action of the court in striking out the words designated by us, and brings the case here on writ of error.

The court committed no error in sustaining the motion to strike out. It is unnecessary to consider the import of

1. DEED OF TRUST: satisfaction by stranger: subrogation.

the answer as left after the motion was sustained, or to waste time in comparing the language stricken out with that which remained. This further answer, as it is termed by the pleader, did not as a whole contain any defense to the suit. If the court had stricken out the whole of it, there would have been no error. Therefore there could be no error in striking out any part of it. In this special defense the de-

fendant recites certain facts which he claims constitute a payment of the note so far as he is concerned, but they fall short of such a result, for reasons which I will briefly state. The holder of the note, J. C. Webb, was no party to the arrangement by which one of the defendants assumed to pay the whole note. John A. Allen is not alleged to have assumed the payment of it. The averment that he purchased the Dade county land with notice of the mortgage to indemnify Mrs. Sharp as against the note, and subject to the mortgage, is not equivalent to an allegation that he assumed the payment of the note and mortgage. Therefore a statement that he paid the note, not by virtue of any agreement to do so, but to save his land from being sacrificed, does not constitute a payment of the note, which must be done by the defendants or by some one bound to them by contract to do it, or by some one who did it in their interest and for their use. When John A. Allen paid the note to save his land from being sold, he became entitled in law to take the place of Webb as against the makers of it, and he could assign and deliver it to any one he pleased. Not being bound by agreement to pay it, he, by paying it to save his estate, became subrogated to the rights of the holder of it, as against the makers, who, so far as Webb and Allen were concerned, were primarily liable on the note. *Kellogg v. Schnaake*, 56 Mo. 136; *Wolff v. Walter*, 56 Mo. 292; *Swope v. Leffingwell*, 72 Mo. 348; *Orrick v. Durham*, 79 Mo. 174. It is only when a person is primarily bound by contract to pay a note that his payment of it works an extinguishment and satisfaction of the obligation, and then only as to those to whom he is bound.

That part of the answer in which the defendant alludes to the existence of the real estate security for the note and prays for an order compelling the plaintiff to resort to such security constitutes no defense. The personal obligation can be enforced irrespective of the security. *Thornton v. Pigg*, 24 Mo. 249. The case of *Wilcox v. Todd*, 64 Mo. 388, does not intimate anything to the contrary.

In that case the holder of the property pledged as security was compelled, at the instance of a surety who owned a part of the property pledged, to exhaust the principal's part of the security before resorting to the part owned by the surety. It was not held that suit should have been instituted or sale advertised to enforce the security before suit on the personal obligation.

All concurring, the judgment is affirmed.

NORTON, J., absent.