## KELLY et al., Appellants, v. STAED.

### Division Two, December 15, 1896.

1. **Negotiable Note**: EQUITIES: DEFENSE. Where a negotiable note is transferred after it becomes due, the assignee takes it subject to all equities and defenses as between the maker and payee; it is, however, in such case, subject only to such equities and defenses in the hands of the indorsee as are connected with the note itself and not to such as arise out of collateral transactions.

2. ———: TRANSFER: REISSUE. Where a negotiable note is transferred by the payee before or after maturity and is taken up by him, it seems he may reissue the paper and if after due, it is equivalent to drawing a bill at sight.

3. ———: ———: ———. Where, however, the bill or note has been paid by the acceptor or maker at or after maturity it becomes extinguished and if reissued the drawer or indorser would not be liable on it even in the hands of a *bona fide* holder, for the fact of its being overdue would be sufficient notice of its payment.

4. **Deed of Trust**: PAYMENT OF NOTE: REISSUE: RELEASE. An owner of land conveyed the same and received from the grantee a note secured by a deed of trust on the property conveyed. No consideration was paid by the grantee and the note was made for the accommodation of the grantor. The grantee thereafter reconveyed the premises and the grantor sold the note. After it matured the grantor paid the same. *Held, first,* that, as the note had not been paid by the maker, the payee could reissue it as against himself, and its transfer carried with it the deed of trust given on the property to secure its payment, and, *second,* that the rights of the holder of the reissued note were not affected by a release executed by the grantor and by the trustee in the deed of trust, and a purchaser from the original owner took the land subject to the lien of the deed of trust.

*Appeal from St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

AFFIRMED.

*Stone & Slevin* and *T. P. Bashaw* for appellants.

(1) Spear purchased the Wellington note after
its maturity and with notice of its dishonor, hence he
took it subject to all equities.   Tiedeman on Commer-
cial Paper, secs. 295–305; *Kellogg v. Schnaake*, 56 Mo.
136; *Chappel v. Allen*, 38 Mo. 213; *Livermore v. Blood*,
40 Mo. 48; *Brownlee v. Arnold*, 60 Mo. 79; *Turner v.
Hoyle*, 95 Mo. 337, and authorities there cited.   (2)
No consideration passed from Florida to Mrs. Welling-
ton for the execution of the note, therefore it could not
have been enforced by Florida against her, nor can it
be enforced by anyone claiming under Florida who
took it after its maturity.   *Brooks v. Owen*, 112 Mo.
251.   (3) Florida by the terms of the warranty deed
from Mrs. Wellington to him, assumed and agreed to
pay the note, and thereby he became the principal ob-
ligor in the note; he did pay the note after its matu-
rity, whereupon both the note and deed of trust became
dead for all purposes. *Kellogg v. Schnaake*, 56 Mo. 136.
And more especially as the note was made for accom-
modation.   Tiedeman on Commercial Paper, sec. 376.
And after being so paid by Florida, the note could not
be reissued.   *Murphy v. Simpson*, 42 Mo. 654; *Thiesen
v. Dayton*, 82 Iowa, 74.   (4) A sale under a deed of
trust will be enjoined where the note, to secure which
the deed was given, was without consideration.   *Ryan
v. Gilham*, 75 Mo. 132.   (5) The sheriff can act as
trustee only upon the happening of the contingencies
recited in the deed of trust. *Hindman v. Piper*, 50 Mo.
292.   And whenever a question arises as to who is the

proper person to exercise the power, resort should be had to a court of equity for foreclosure of a mortgage. Martindale on Conveyances, p. 510. (6) George, the trustee in the deed of trust, by joining Florida in making the deed of release to Branconier, divested himself of all the rights and powers conferred on him by the deed of trust, and thereafter he could make no sale of the property securing the debt, by virtue of the power of sale contained in the deed. *Schanewerk v. Hoberecht*, 117 Mo. 22; *Lanier v. McIntosh*, 117 Mo. 512. And the sheriff could have no greater power than was possessed by the trustees named in the deed of trust. *Hindman v. Piper*, 50 Mo. 292.

*Judson & Taussig* for respondent.

(1) The release by Florida of the deed of trust, after his assignment of the note and deed of trust to Spear without consent of the assignee and holder, was ineffectual to remove the lien of the deed of trust, and wholly void. *Lee v. Clark*, 89 Mo. 553; *Hagerman v. Sutton*, 91 Mo. 533; *State Bank v. Frame*, 112 Mo. 514; *Field v. Investment Co.*, 123 Mo. 603; *Lord v. Schamloeffel*, 50 Mo. App. 365. (2) The joinder by George, the trustee in the deed of release, added nothing to its effect, and was wholly futile. 1 R. S. Mo., sec. 7094. (3) The attempted release being void, the right of the holder to enforce the execution of the power of sale by the trustee, or the sheriff as trustee, is not impaired thereby. *Joerdens v. Shrimpf*, 77 Mo. 383; *Lanier v. McIntosh*, 117 Mo. 518. (4) It is immaterial to the issues of this case that Spear acquired the note from Florida after its maturity; or that as to her it was accommodation paper, and not enforcible against her by, or under, Florida. Upon taking up the note, Florida had the right to reissue it as against him-

self, and he did reissue it for value to Spear, and in his hands it was enforcible against Florida, though as to Mrs. Wellington it was subject to the equities between her and Florida. 2 Daniel on Negotiable Instruments [3 Ed.], secs. 1238–1242; *Light v. Kingsbury*, 50 Mo. 331; *Barnes v. McMullen*, 78 Mo. 260; *Knaus v. Givens*, 110 Mo. 66; *Cutler v. Cook*, 77 Mo. 388. (5) Florida, owning the fee and acquiring the lien of the deed of trust upon the property, there was no resulting merger without the intention of merger on his part, and his reissuance of the note for value is conclusive of his intention to keep the lien of the deed of trust alive for his own benefit. *Hospes v. Almstedt*, 13 Mo. App. 270; *Hospes v. Almstedt*, 83 Mo. 473; *Wilson v. Vanstone*, 112 Mo. 315.

BURGESS, J.—This action was begun in the circuit court of the city of St. Louis to enjoin the defendant, who was then sheriff of said city, from selling, under a deed of trust, certain real estate in that city.

On the twenty-second day of April, 1891, one Alonzo K. Florida, was the owner in fee of the real estate in question. On that day he conveyed it by general warranty deed to Josephine L. Wellington, of said city for a stated consideration, but which in fact was never paid. On the same day Josephine L. Wellington executed and delivered to said Florida her promissory note for $3,000, due one year after date, with two interest notes; and to secure the payment of said notes she at the same time executed a deed of trust on said property to secure their payment in which one Gilbert J. George was named as trustee.

Thereafter, on the same day, she, without any consideration, reconveyed all of the property to Florida, by deed of general warranty, subject to said deed of trust, Florida assuming and agreeing to pay the debt

secured by it. The notes secured by the deed of trust were accommodation paper only. Florida afterward sold the principal note to Sallie M. and F. C. Sharp, which was not paid when it became due and went to protest. Thereafter and before the twenty-eighth day of April, 1892, Florida paid the note, took it up and on that day sold it for value and delivered it to William Spear, but did not release the deed of trust. Spear agreed to take the security with the indorsement of Florida and Gilbert J. George (the trustee), indorsing on the note an extension for six months at eight per cent interest (the note calling for ten per cent after maturity), and paid Florida therefor $3,000 in cash.

On the seventh day of July following, Florida, representing to George, the trustee, that the note had been paid induced him to join him in the execution of a deed of release reciting therein that the Wellington note had been paid. This deed was recorded on the thirteenth day of July, 1892.

On the sixth day of July, 1892, Florida and wife by warranty deed of that date, acknowledged July 15, and recorded July 19, 1892, sold and conveyed the property to Mrs. Branconier, who thereafter, to wit, on the twenty-fifth day of October, 1892, sold and conveyed by deed of general warranty, her husband, David Branconier, joining with her, said property to the plaintiff, Catharine Kelly.

When the six months extension matured in October, 1892, Florida asked Spear to carry the note awhile; that he, Florida, had sold the property and had made an arrangement to carry it (the note) for the purchaser. Subsequently Florida paid the interest to Spear and asked him to hold the note until the end of the year, that is, for six months longer.

After the expiration of the time of the last extension, Spear called upon George, the trustee, to sell the

property under the deed of trust, but he was absent from the city, and refused to act. The deed of trust provided that in the event of the "absence of the trustee from the city of St. Louis, sickness, disease, or other disability, or refusal to act, the acting sheriff for the time being of the city of St. Louis, upon the request of the legal holder of the notes," etc., should act. Thereupon Spear called upon defendant Staed, the sheriff, to act as trustee, who in accordance with said request made publication of notice of sale under the power in the deed of trust.

Mrs. Branconier and husband, and Mrs. Kelly and her husband instituted this suit to enjoin the sale, setting up the deed of release, and also that the note had been "conveyed" in the fee, and thereby annulled.

A temporary injunction being granted, an answer and motion to dissolve were filed by respondent alleging that. "the note was outstanding, due, and unpaid, the property of Spear; and that the deed of release was void."

The filing of this suit was the first notice to Spear of this deed of release.

Upon the trial the injunction was dissolved and the petition dismissed. At the same term $295 damages were assessed under the injunction bond. Appeal was first taken by plaintiffs to the court of appeals, and was thence transferred to this court.

It is contended by plaintiffs that, as Spear took the note after maturity, with notice of its dishonor, he took it subject to the defenses: that it was without consideration; that after its maturity it was paid by Florida, who had contracted and agreed to assume and pay it; and that the fact that Florida may have attempted to reissue it after he came in possession of it the second time was of no avail to Spear, the holder.

It is a rule of universal application that where a

negotiable note is transferred after it becomes due the assignee takes it subject to all equities and defenses as between the maker and payee. *Chappell v. Allen*, 38 Mo. 213; *Livermore v. Blood*, 40 Mo. 49; *Kellogg v. Schmaake*, 56 Mo. 136; 1 Daniel on Negotiable Instruments [4 Ed.], sec. 724a. But in such case it is only subject in the hands of the indorsee to such equities and defenses as are connected with the note itself, and not such as grow out of transactions disconnected with the note. *Cutler v. Cook*, 77 Mo. 388; *Barnes v. McMullins*, 78 Mo. 260; *Knaus v. Givens*, 110 Mo. 58. It follows that as between Mrs. Wellington and Spear she could avail herself of any defense that she had against the note in the hands of Spear, that she had against it in the hands of Florida.

But the suit is not against her, as to whom it is conceded that Spear acquired the paper subject to whatever equities in the paper she had the right to assert against it in the hands of Florida. But at the time Spear acquired the note from Florida, the latter was the owner of it, having taken it up from the party to whom he had theretofore transferred it. Notwithstanding it was an accommodation note Florida having taken it up he had the right to reissue it, so as to bind himself, and to transfer with it to those claiming under him any ownership of the property covered by the lien securing the note. Where a negotiable note is transferred by the payee before or after maturity, and is taken up by him, it seems that he may reissue the paper, and if after due, it is equivalent to drawing a new bill at sight. 2 Daniel on Negotiable Instruments [4 Ed.], secs. 1238–1242.

Thus it is said in *Light v. Kingsbury*, 50 Mo. 331: "Such indorsement [after maturity] is equivalent to drawing a new bill at sight, and the same diligence in

making demand and giving notice is required." See, also, *Beeler v. Frost,* 70 Mo. 185.

This rule does not apply where the bill or note has been paid by the acceptor or maker at or after maturity, for in that case it becomes extinguished, and if he were to reissue it even if it were to pass into the hands of a *bona fide* holder, he could not hold the drawer or indorser liable, for being overdue would of itself be sufficient notice of its payment. 2 Daniel on Negotiable Instruments, sec. 1238.

But in this case the note was not paid by Mrs. Wellington, and it makes no difference whether it could have been reissued as against her or not, Florida had the right to reissue it against himself, and its transfer by him to Spear carried with it as incident thereto the deed of trust given on real property of which he was then the owner in fee to secure the payment which was prior in time, and a valid and subsisting lien on the property, at the time Mrs. Branconier and Mrs. Kelly became the purchasers of it.

The payment of the note by Florida discharged Mrs. Wellington, and he could not thereafter reissue it against her so as to put Spear in any better position than he himself occupied, but that did not prevent him from reissuing the note against himself. While it is true that the payment of the note by Florida, he being personally bound by contract with Mrs. Wellington to pay it, extinguished and satisfied the note, as to her, it was as to her only, and Florida might thereafter do as he did do,—reissue it against himself. *Allen v. Dermott,* 80 Mo. 59.

There seems to us to be a marked distinction between the case in hand and *Kellogg v. Schnaake, supra.* In that case the defendant executed a note to one Christian Meyer, and secured its payment by deed of trust on certain city lots, in which one August Gehner, who

sold the notes to plaintiff, was named as trustee. Thereafter, Schnaake conveyed the same property in payment and satisfaction of the deed of trust, and it was held that the holder of the note who acquired title after maturity could not recover against defendant on the note. In this case *Florida* owned the fee to the lots.

Now, if Mrs. Wellington had owned the lots, and had conveyed them to Florida in satisfaction of her note, and Spear, having acquired title to it after its maturity, was suing her on the note, it may be conceded that he could not recover. Still, even in that case, we think Florida could bind himself by reissuing the note.

In *Murphy v. Simpson*, 42 Mo. App. 654, the deed of trust was canceled on the record before plaintiff purchased the property of Chambers, who was the holder of the deed of trust at the time of payment. Satisfaction of the note and deed of trust was entered of record by Chambers at the request of Metcalf, the maker of the note, who made the payment. And it was correctly held, that the payment of the note by Metcalf, the maker, extinguished the deed of trust; that the incumbrance was not revived by the subsequent reissue of the note, and that the person receiving the note after its maturity was chargeable with notice of the payment of the debt, and acquired no rights under the sale as against a subsequent *bona fide* purchaser for value of the land. In that case payment was made by the payor, and the release of the deed of trust entered of record by the proper party, while in the case in hand the note was paid by the obligee, Florida, and the release by him made after he had reissued the note, and passed all interest in it and the deed of trust by which it was secured to Spear.

It is next contended that by the execution of the deed of release by George, the trustee therein named, and Florida, the beneficiary, to Mrs. Wellington on the seventh day of July, 1892, the trustee divested himself of all estate in the property described in said deed, as well, also, as the power to sell under it, and, as the sheriff stood in no better position than the original trustee, thereafter, the only method of foreclosing the equity of redemption was by a suit in equity.

*Schanewerk v. Hoberecht*, 117 Mo. 22; *Kennedy v. Siemers*, 120 Mo. 73, and *Springfield, etc., Co. v. Donovan*, 120 Mo. 423, are cited in support of this contention; but in those cases the trustees had sold and conveyed the property, under the respective deeds of trust, and it was ruled that although the sales were irregular the conveyance by the trustees passed the legal title. In the case in hand the trustee did not act under the power, but only released all interest he had in the property by executing a deed of release in conjunction with the person named as beneficiary in the deed of trust. The joinder by George in the deed of release in no wise affected the rights of Spear. He had no power to release the deed of trust. Section 7094, Revised Statutes, 1889, provides that it shall not be necessary for the trustee to join in the acknowledgment of the satisfaction of a deed of trust, or of its release. And the execution of the deed of release by Florida, after he had sold the paper to Spear, was equally as ineffectual to remove or release the lien created by the deed of trust. *Lee v. Clark*, 89 Mo. 553; *Hagerman v. Sutton*, 91 Mo. 533; *Bank v. Frame*, 112 Mo. 514; *Feld v. Roanoke Investment Co.*, 123 Mo. 603.

The parties to this suit seem to have acted with the utmost good faith and fairness in all the transactions

out of which this litigation has grown.    It is a case in which one of two innocent parties must suffer because of the wrongdoing of Florida, under whom they both claim, but our conclusion is that the law is in favor of defendant, and in accordance therewith we affirm the judgment.    GANTT, P. J., and SHERWOOD, J., concur.