MAFFAT, Appellant. v. GREENE.

### Division Two, March 28, 1899.

1. **Promissory Note**: ACCOMMODATION MAKER. An accommodation maker of a note is a principal at common law, and is liable to a *bona fide* holder as a principal, and not as surety.

2. ———: ACCOMMODATION PAPER: CONSIDERATION. When accommodation paper is put in circulation it is both a request to advance the money upon it, and a promise to repay the amount so advanced, and this is sufficient consideration to bind any one whose name is on the instrument as a party to it.

3. ———: ———: EXHAUSTING COLLATERALS. Because plaintiff (who was an indorser before the maturity of an accommodation note of which defendant was maker, and who had paid it when it was protested) lived in another State and held certain collaterals of the payee named in the note, her right to recover in a suit on the note in this State can not be denied on the ground that she must first exhaust the collaterals held by her.

4. ———: ———: ———: SUBROGATION: OPTION. When a surety pays a debt for his principal, he is entitled to be subrogated to the securities held by the creditor, just as he finds them. But he is not required to go further and exhaust those securities before he is entitled to a judgment against his principal for the amount of the note. He may have judgment, or proceed to reimburse himself from the collaterals.

*Appeal from St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED (*with directions*).

D. D. FASSETT for appellant.

(1) The plaintiff, Mrs. Maffat, the holder of the note has the right to treat the parties to it in the character they have assumed on the face of the paper. The paper "must

tell its own story." Green was the maker and principal debtor, so far as she was concerned, and primarily and not secondarily liable. As she was an innocent holder Greene can not set up his alleged relations of accommodation maker and surety for the sewing machine company as to her. 2 Randolph on Com. Paper, secs. 901 and 907; 1 Waite's Actions and Defenses, secs. 610 and 617; 1 Daniels on Neg. Inst., sec. 786; Bank v. Walker, 9 Searg. and R. 238; Lord v. Bank, 20 Pa. St. 384; Historical Soc. v. Hartranft, 39 Weekly Notes, 315; Munger v. Bank, 85 N. Y. 591; Bank v. Baldwin, 41 N. H. 436; Bryan v. Duff, 12 Wash. 333. (2) Plaintiff had her option to proceed upon the principal obligation (the note of defendant) or to await the time to realize what she could upon the collateral securities in the hands of S. M. Jones. She could pursue all her remedies at one and the same time. She could pursue all her rights and securities until satisfaction. 3 Story U. S. C. C. Reports 393, pp. 397 and 399; Bank v. Walker, 9 S. & R. (Pa.) 229; Mathias v. Kirsch, 33 Atl. 19; Bank v. Wood, 71 N. Y. 405; Munger v. Bank, 85 N. Y. 591; Lord v. Bank, 20 Pa. St. 384; Bank v. Harrison Wire Co., 11 Mo. App. 451; English v. Siebert, 49 Mo. App. 568; Altman v. Smith, 52 Mo. App 351; Stilwell v. Aaron, 69 Mo. 539; Allen v. Dermott, 80 Mo. 56; Calloway Bank v. Terry, 13 Mo. App. 99; Lindenschmidt v. Valle, 23 Mo. App. 594; Allen v. Dermott, 80 Mo. 59; 125 Mass. 146; 50 Mo. App. 116·; Ins. Co. v. Landis, 30 Mo. App. 116. And even where the collateral security was that of the principal debtor and not of the surety, the same rule was applied in Pennsylvania, in Story's C. C. Reports; and also in Indiana, Maine and New York, as per above citations, and in this State the same rule applies. Bank v. Harrison Wire Co., 11 Mo. App. 446; English v. Siebert, 49 Mo. App. 568; Aultman v. Smith, 52 Mo. App. 351.

SMITH P. GALT for respondent.

GANTT, P. J.—This is an action on the following promissory note.

"$3,218.　　　　　St. Louis, Mo. Feb. 20, 1893.

"Four months after date I promise to pay to the order of Domestic Sewing Machine Co., thirty-two hundred and eighteen dollars at their office, 853 Broadway, New York. Value received.

"Due June 20th, 1893.　　　　　E. L. Greene."

Indorsed:

"No. 28,942.　　　　　3457

"E. L. Greene.　　　　　June 23.

"$3,218.　Due June 20-23.　Payable at 853 Broadway, New York.　Domestic Sewing Machine Co., David Blake, V. P. D. Hutchinson, S. M. Jones, Jannette P. Maffat.

"Pay Chemical National Bank, New York City, or order for collection for account of Braddock National Bank, Braddock, Penn, John Kelly, Cashier."

Protested June 23, 1893, at the request of the Chemical National Bank, for failure to pay.

The plaintiff as indorser, having paid said note after its dishonor, sued the defendant as maker in the circuit court of St. Louis.

The answer admits the execution of the note and the various indorsements, and then proceeds to aver that defendant was merely an accommodation maker of said note for the Domestic Sewing Machine Company without any consideration therefor, of which plaintiff and the other indorsers and holders had notice, and for further answer defendant says that the plaintiff is a partner of said S. M. Jones in said petition named, and was such partner at the time said note came into the possession of said Jones and the

plaintiff, and that plaintiff and said Jones have in their possession, or said Jones has in his possession for plaintiff's benefit, with her consent, a large amount of property of the Domestic Sewing Machine Company, placed in their or his hands by said company for security to them or her for the payment of the note in this case sued on; that said property so held by them or him is of the value of at least $100,000. That they have realized, or he has realized for her benefit, in cash, from part of the property so held by them, or him as aforesaid as security as aforesaid, and now hold in cash, as defendant is informed and believes, and so charges the fact to be, more than sufficient to pay said note, according to the terms of the agreement by which said property was by said company left with them, or him as security as aforesaid, and defendant says that the same ought to be applied by the plaintiff and said Jones to the payment of said note. Defendant says that the plaintiff, or said Jones for plaintiff, has realized as above said, if not sufficient to pay said note in full, at least a large amount that should be credited on said note. And defendant further says that it was agreed and understood between the Domestic Sewing Machine Company and said Jones and the plaintiff at the time said security was deposited with them as aforesaid, that said note would not be paid by the said Greene, and that he was not to be called upon by the plaintiff or said Jones to pay the same, but that the same should be paid out of the property so held as aforesaid by them as said security as aforesaid. Defendant further says that said Domestic Sewing Machine Company is not a resident of this State and is insolvent. And defendant further says that the plaintiff and said Jones and said Hutchinson are non-residents of the State of Missouri. That defendant is a resident of the State of Missouri. Wherefore, having fully answered, defendant says that the plaintiff ought not to have judgment against defendant, and ought at least not have judgment against him until the

amount received by plaintiff, or for her benefit as aforesaid, is credited on said note, and not until said property held as aforesaid for plaintiff's benefit as security as aforesaid has been realized upon by plaintiff, and applied to the payment of said note. Wherefore, defendant prays that the court do order and decree that judgment be not entered against defendant until plaintiff has fully realized upon said security held for her benefit as aforesaid, and the cash now realized therefrom, or that may be realized therefrom be credited on said note, and defendant prays such other and further order and decree as to the court may seem right and just.

Plaintiff in her reply denied all the new matter in defendant's answer, and proceeding, admits that said S. M. Jones had a considerable amount of property in his hands as security for the payment of the note in suit and a number of other notes to a large amount and said collaterals were placed in his hands by the Domestic Sewing Machine Company to secure and indemnify plaintiff, Jones and Hutchinson as indorsers of said note, and sundry other notes; that Jones has realized some money out of said collaterals, but the amount is small compared to the amount of his and their liability as indorsers for said Sewing Machine Company; that they have not applied any part of said collaterals to the payment of his note; that a large portion of said collaterals is in litigation, and the right of said Jones to hold and apply them is questioned and denied, and neither plaintiff nor said Jones could safely apply the same pending said litigation. Plaintiff admits that said Jones, Hutchinson and herself are all residents of Pennsylvania and non-residents of Missouri and that the said Jones holds said collaterals in Pittsburg, Pennsylvania.

The evidence tended to prove that defendant Greene was the agent of the Domestic Sewing Machine Company at St. Louis; that under an agreement with the company he made his accommodation notes from time to time for the

use of the company under an arrangement allowing him to reimburse himself out of sales of the company's machines; that the note sued on was of this character; that at the time of the insolvency of the company his notes to and indorsements for it amounted to about $140,000, and he held assets which amounted in his opinion to thirty-three to forty per cent of his liabilities on that account. It further appeared that after receiving the note in suit the sewing machine company sent it by George Blake, secretary of said company, to Pittsburg; that S. M. Jones was agent at Pittsburg for said company and had contracted to furnish a responsible indorser on "dealers' paper" to the amount of $50,000; that the note in suit under this agreement was indorsed by Hutchinson, Jones and plaintiff, Mrs. Maffat, and the money procured from the Braddock National Bank of Braddock, Pennsylvania. The company having failed to honor the note, plaintiff Mrs. Maffat, paid it, and is now its holder.

At the time Mrs. Maffat indorsed the note she was not a partner of Jones and had no knowledge of the relation defendant bore to the note other than appeared from the face thereof, viz., that he was the maker, and principal debtor; she indorsed it before maturity.

On the fifth day of May, 1893, the Domestic Company assigned what is known as its Cleveland, Ohio, assets to Jones, to protect the indorsers of its paper. Jones testified he had collected a portion of these collaterals but not enough to hold himself, Hutchinson and plaintiff harmless by reason of their indorsements. At the time of the trial a suit in equity was pending against Jones by another creditor for these collaterals. The receiver also claimed them.

The circuit court rendered judgment for defendant, enjoining plaintiff from prosecuting her suit at law against defendant on said notes until she account to him for collaterals she holds, or that are held by S. M. Jones or any one else for the use of the Domestic Sewing Machine Company,

and apply such of the proceeds thereof as in law should apply toward the payment of said note and that she pay the cost of this suit.

Plaintiff appeals.

I.    An accommodation maker of a note is in like manner a principal at common law, and liable of course to a *bona fide* holder as principal and not as surety.

"Accommodation paper stands upon grounds somewhat different from other negotiable instruments. If an accommodation bill or note is made and put into circulation, the holder who has advanced the money upon it may recover upon it against any of the parties to it, notwithstanding there was no consideration for it, as between the parties to it, and although no action could have been maintained upon it between the original parties. When paper of this kind is put in circulation it is both a request to advance the money upon it and a promise to repay the amount so advanced, and this is sufficient consideration to bind any one whose name is on the instrument as a party to it." [1 Waite's Actions and Defenses, 617.]

The holder may recover of the maker notwithstanding he knew it was accommodation paper. [1 Daniel, Neg. Inst., sec. 786; Stillwell v. Aaron, 69 Mo. 546; Faulkner v. Faulkner, 73 Mo. 338; Miller v. Mellier, 59 Mo. 388.]

In Hillegas v. Stephenson, 75 Mo. 118, it was held that where one of two accommodation signers execute a note as a joint maker with the principal debtor, and the other, as payee and indorser, and there was no special agreement between them, the former could not after paying the note call upon the latter for contribution.

No question was made that such was the law in the circuit court, nor was it denied that a creditor might proceed to judgment at law on his note before exhausting any securities he might hold, but that in such cases if the debtor

desired to avail himself of such securities he must pay the note and become subrogated to the securities, but an exceedingly important modification of the general rule was announced, to wit, that if the nature of the case was such that the debtor could not be subrogated to the securities held by or to the use of plaintiff, the plaintiff could not sue until he had first exhausted the securities.

And it was considered that because plaintiff was living in another State, and held certain collaterals in that State, her right to recover on her note in this State should be denied until she first exhausted her remedies against the collaterals.

We have been unable to find any authority for the modification thus announced, and we can not agree to it. On the contrary we understand that under the facts of this case when this note was protested and notice given to plaintiff, her liability became fixed, and when she paid it she had an absolute right to sue defendant as the maker thereof, irrespective of any collaterals she might have afterwards obtained. As to plaintiff he was the real debtor.

We do not think the authorities or sound reason go further than to hold that when a surety pays a debt for his principal he is entitled to be subrogated to the securities held by the creditor. Until payment he is not entitled to be subrogated, and his right of subrogation is to the collaterals just as he finds them. The creditor is not required to furnish his debtor with immunity from losses. The surety can only have the collaterals or other security as they actually exist with their burdens and advantages. [Bank v. Wood, 71 N. Y. loc. cit. 412.]

In this State from an early date it has been uniformly held that a mortgagee has three concurrent remedies. He may sue on his note, foreclose his mortgage, and bring ejectment. [Thornton v. Pigg, 24 Mo. 249; Allen v. Dermott, 80 Mo. 56.]

The circumstances that the collaterals are in another

State can not affect the principle under consideration. It so happens, it is true, that in this case the collaterals are in Pittsburg, Pennsylvania, and that they are held not for plaintiff alone but for Jones and Hutchinson, and that suits in equity are pending in the Federal courts denying the right of Jones and the plaintiff to hold them at all, and the receiver is also denying their right to collect them, but whatever the difficulties of the case, defendant can not set them up as a defense to plaintiff's action against him on his undertaking to pay this note absolutely at a certain time.

The answer only constituted a defense because it alleged an agreement between plaintiff and defendant and the sewing machine company that defendant should only be liable for a balance after crediting the collaterals, but not a word of evidence sustains this allegation. Stripped of that averment the answer pleads no defense whatever. The testimony proved none against plaintiff, who is an innocent purchaser for value and without notice of any relation of surety and principal between defendant and the company, or any want of consideration.

If the defense relied on in this case be sustained, the doctrine that a negotiable note is a "courier without luggage" must be abandoned. It would require the plaintiff to stop and sue Jones and abide the marshaling and adjusting of Hutchinson's, Jones's and her respective equities to the collaterals in Jones's hands, if any are left after the suit in the Federal court shall be determined against Jones. It would make defendant's promise to pay not an absolute, but a conditional one and the time of payment utterly indefinite. Commercial paper can not be subjected to such a rule without the most serious results.

The judgment should have been rendered for the plaintiff upon the pleadings and conceded facts. The judgment is reversed and the circuit court will enter judgment for the plaintiff. SHERWOOD and BURGESS, JJ., concur.