RICHARD WILLIAMS, Appellant, v. J. K. BAKER
et al., Respondent.

St. Louis Court of Appeals, March 17, 1903.

Vendor's Lien: FAILURE OF CONSIDERATION: DEFENSE:
PRACTICE, TRIAL. A failure, or partial failure of consideration
for the purchase price of land may be interposed to defeat a suit
to enforce a vendor's lien for the balance of such purchase price.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C.
Riley,* Judge.

AFFIRMED.

### STATEMENT.

On March 2, 1897, E. Still and N. Gibson were the
joint owners of the east half of the southwest quarter,
section 21, township 17 north, of range 11 east, situ-
ated in Pemiscot county, Missouri. On said date E.
Still, representing himself as the sole owner of said
land, sold the same to J. K. Baker, a resident of the
State of Tennessee, for $240, and executed and deliv-
ered to him a warranty deed therefor. Baker paid
$140 of the purchase price and gave Still his promis-
sory note for the balance, $100, due twelve months after
date, which fact was recited in the deed. On February
7, 1897, J. K. Baker conveyed the land by warranty
deed to his son, D. E. Baker. On February 14, 1899,
D. E. Baker conveyed the land by warranty deed to his
mother, P. E. Baker. All of these deeds were duly re-
corded. After the note for the balance of the purchase
price became due, J. K. Baker and D. E. Baker wrote
letters to Still promising to pay the note. Still exhib-
ited the note and these letters to the plaintiff and induced
him to purchase it. After acquiring the note, plaintiff
commenced this suit in the Pemiscot Circuit Court

against the three Bakers to enforce his vendor's lien against the land for the balance of the purchase money evidenced by the note. J. K. Baker died before notice of the suit could be served upon him, and the suit as to him was dismissed, and was also dismissed as to D. E. Baker on his motion.

The answer of the remaining defendant, P. E. Baker, alleged a breach of the covenant of warranty contained in the Still deed, and by reason thereof alleged a failure of the consideration of the note.

The court refused the following instructions asked by plaintiff:

"1. The court declares the law to be that in this cause, if the court sitting as a jury shall find that J. K. Baker bought the land in controversy from E. Still; and that the deed of conveyance recited upon its face, that a note of $100 had been given for the balance of the purchase price of said land; and that said deed of conveyance had been recorded in the recorder's office in Pemiscot county, Missouri, prior to the time that the defendant, P. E. Baker, purchased said land, the law will presume that said P. E. Baker had notice of the lien of said E. Still upon said land for the unpaid balance of the purchase price thereof.

"2. If the court, sitting as a jury, shall find that said E. Still transferred the note given as aforesaid for the balance of purchase price in said land, for value, to plaintiff, Richard Williams, and that said note has not been paid, then the finding of the court will be for the plaintiff to the extent of the amount due now on said note.

"3. The court declares the law to be that even though he may find that the consideration of the note given by J. K. Baker to E. Still has partly failed; yet such fact is no defense to the defendant, P. E. Baker."

No other instructions were asked or given and the court, to whom the issues were by agreement of parties

submitted, found for defendant and rendered judgment in her favor from which plaintiff appealed.

*J. P. Tribble* for appellant.

(1) The court erred in refusing to strike out that part of defendant's answer setting up a partial failure of consideration. A partial failure of consideration, even if it existed, constituted no defense to plaintiff's cause of action. Morrison v. Jewell, 34 Me. 146; Thompson v. Mansfield, 43 Me. 490; Hogdon v. Golder, 75 Me. 293. (2) The acceptance of a warranty deed precludes the defense of a failure of consideration of the note. The remedy was against the grantor in the deed on his covenants of warranty. Starke v. Hill, 34 Ala. 663. (3) The answer failed to state the extent of the failure, or any fact from which the amount of the failure could be inferred. This was absolutely necessary to be proved, and should have been set out. Bisbee v. Torinus, 26 Minn. 165. (4) The answer showed on its face that the defendant was not an original or immediate party to the note or to the sale of the land, and a failure of consideration was, therefore, no defense to a suit against her to enforce the lien of the vendor.

*Brewer & Collins* for respondents.

(1) A partial failure of consideration may be pleaded as a defense to an action on a note. R. S. 1899, sec. 645; Barr v. Baker, 9 Mo. 850; Keystone Imp. Co. v. Leonard, 40 Mo. App. 477; Kerr v. Haymaker, 20 Mo. App. 350; Murphy v. Gay, 37 Mo. 536; Brown v. Weldon, 99 Mo. 564. (2) In an action to recover on a note, the defendant may interpose a failure of title as a defense. Durment v. Tuttle, 50 Minn. 426; 6 Am. and Eng. Ency. of Law (2 Ed.), p. 792, and footnote 1, page 793. (3) A party who purchases a negotiable promissory note after its maturity, takes it subject to any defense that exists between the original parties.

Kellogg v. Schnaake, 56 Mo. 136; Lee v. Turner, 15 Mo. App. 205; Turner v. Hoyle, 99 Mo. 337.

BLAND, P. J.—1. By his purchase of the note and the assignment thereof to him, the plaintiff acquired the right to enforce the vendor's lien against the land for the balance of the purchase money by a suit in his own name. But he, having purchased the note after its maturity, took it subject to every legal or equitable defense that it was subject to in the hands of the payee. Kellogg v. Schnaake, 56 Mo. 136; Kelly v. Staed, 136 Mo. 436; Booher v. Allen, 153 Mo. l. c. 622-3; Gemmell v. Hueben, 71 Mo. App. 291.

The plaintiff contends, however, that he was induced to purchase the note on account of the representations and statements made by J. K. and D. E. Baker in their letters written to Still, to the effect that the note was justly due and that they would pay it as soon as they could raise the money. Had these representations been made to plaintiff with the knowledge that he was about to purchase the note and had he relied upon them in making the purchase, then J. K. and D. E. Baker would have been estopped to set up a defense of failure of consideration. But these letters were not written to plaintiff, and there is nothing in the record to show that either of the Bakers had any knowledge or notice that plaintiff was negotiating for the note, besides, neither of them are parties to the suit, and it is not perceived how the defendant can be estopped by conduct to which she was not a party and of which she had no knowledge, or even notice.

2. It is further contended by appellant that the suit is not on the note, but to enforce the vendor's lien. This is true, but it is also true that the object of the suit is to collect the balance of the purchase price of the land which is evidenced by the note. The suit is to collect a debt alleged to be due and to charge the land directly with the payment of that debt. The defendant pur-

chased the land with notice that it was subject to the payment of this debt and that the legal holder of the note, whoever he might be, would be entitled to sue to enforce the payment of the debt against the land.

The lien is an equitable one. The question arises, whether or not this equity can be enforced, in the face of the evidence that conclusively shows that it is without consideration, or, rather, that the consideration has failed, and in the face of the further fact that this equitable lien had its origin in, and is founded on, the fraud perpetrated on J. K. Baker by Still. It is insisted by appellant that defendant is bound to let this fraud be consummated, bound to discharge the lien, though fraudulent, and rely upon Still's warranty for redress. In other words, that for the reason the defense rests on a breach of warranty, the collection of the fraudulent debt may be enforced in equity, and the defendant forced to resort to a suit at law on the warranty to recoup her damages. To accede to this contention, would be, in effect, to hold that where one is sued in equity, he can not interpose a special legal defense or show that the equity, which the plaintiff seeks to enforce, is void for want of consideration on the ground that defendant has a complete remedy at law. It seems to us this would be a roundabout and circuitous way to get at the right of the thing, and that it is opposed to both law and reason. We can not see why a failure, or partial failure, of consideration for the purchase price of land may not be interposed to defeat a suit to enforce a vendor's lien for the balance of such purchase price; that it may be done, we think, is the law in this country. Durment v. Tuttle, 50 Minn. 426; 6 Am. & Eng. Ency. of Law (2 Ed.), p. 792.

That the plea of failure of consideration of the purchase price for personal property sold on a warranty is available as a defense in a suit to recover such price, is the well-settled law in this State. Brown v. Weldon, 99 Mo. 564; Miles v. Withers, 76 Mo. App. 87; Stewart

v. Miles, 80 Mo. App. 24; Schoenberg v. Loker, 88 Mo. App. 387. We can see no reason for a distinction in this respect between suits for recovery of the purchase price of chattels sold on a warranty and suits to recover the purchase price of land sold on a warranty.

The answer pleaded a breach of the warranty of title as failure for the consideration of the debt, which the plaintiff sought to enforce. The evidence showed conclusively that the breach had been made, and that it was made the moment Still delivered his deed to J. K. Baker. The covenant of title ran with the land, and the right to sue for a breach of it passed to defendant by means of the deed from J. K. Baker and from the latter to the defendant, and we think to set up this breach as a defense to the suit to .enforce the payment of the balance of the purchase money was available to the defendant, and affirm the judgment. *Reyburn, J.,* concurs; *Goode, J.,* dissents, because there is no proof that defendant's title to the land has been questioned nor her power to enjoy it disturbed.