## J. A. HAWKINS, Plaintiff in Error, v. CHARLES A. WIEST, Defendant in Error.

**Kansas City Court of Appeals, December 9, 1912.**

1. PROMISSORY NOTE: After Due: Negotiability: New Bill at Sight. A promissory note negotiable in form does not lose its negotiable quality by becoming overdue. By indorsing it after due, it becomes a new bill at sight and ordinarily requires demand and notice to hold an indorser.

2. ———: ———: Judgment: Merger: Re-Issue: Indorser. If a note is put into a judgment by the payee, it becomes merged therein and, as to the maker, becomes *functus officio*, and his liability is transferred to the judgment. But if it be re-issued by the payee by his indorsement thereof, it becomes a new bill at sight and, as to him, a legal obligation in his capacity as indorser, notwithstanding it had, as to the maker, become merged in the judgment.

3. ———: ———: ———: ———: ———: Demand and Notice: Maker. Where a payee puts his note into a judgment against the maker, it becomes merged in the judgment and it no longer exists as a debt against the maker. And if re-issued by the indorsement of the payee, he has no right to require a demand on the maker as a prerequisite to his liability as indorser; since by his own act, the maker's liability on the note had ceased, being transferred to the judgment.

Appeal from Morgan Circuit Court.—*Hon. John M. Williams*, Judge.

REVERSED AND REMANDED.

*R. M. Livesay, Forman & Hubbard* and *J. W. Mc-Clelland* for plaintiff in error.

The instrument sued on was a negotiable one, strictly complying with the requirements of Sec. 9972, R. S. 1909. It being in the hands of the defendant, who was the payee in the note, it was "presumptively a subsisting obligation." Bush v. Brandecker, 123 Mo. App. 470. When Wiest put his name upon the back of the note without otherwise indicating his intention, he became, as a matter of law, an indorser. R. S. 1909, Sec. 10033; R. S. 1909, Sec. 9978. The statutes recognize the fact that a note may be indorsed and sold after maturity, and fixes the legal effect as to such assignment as to the time when it may be considered due—that is, it makes such instrument one payable on demand. The fact that an instrument is past due does not deprive it of its negotiable character; the paper preserves its mercantile existence, and retains its attributes as a note, and may continue, *ad infinitum,* to circulate in the commercial world. Bowers v. Nelson, 19 Mo. 190; Armstrong v. Armstrong, 36 Mo. 225; Morgner v. Biglow, 3 Mo. App. 592.

*A. L. Ross* and *Sangree & Bohling* for defendant in error.

In an action on a note by an indorsee against an indorser the petition must state facts which in law make the indorser liable, as demand and refusal of payment, and notice thereof to the indorser, or facts which are equivalent to it, in order to show the indorser's liability. Bank v. Haden, 35 Mo. 358; Jaccard v. Anderson, 32 Mo. 188; Bank v. Donnell, 35 Mo.

373; Lindsay v. Parsons, 34 Mo. 422; Bateson v. Clark, 37 Mo. 31; Simmons v. Belt, 35 Mo. 461. The petition is not aided by the allegation that the note was merged in the judgment. A demand is not excused although a note is paid before its purchase by the indorsee. Moore v. Steigel, 50 Mo. App. 308. One who takes an overdue note is not an indorsee in due course, and does not acquire an absolute title thereto so that it would be valid in his hands notwithstanding any defects in the title of the person from whom he acquired it. Woodsum v. Cole, 68 Cal. 545, 9 Pac. 942; Fowler v. Brantly, 14 Pet. 318, 10 L. Ed. 473; McClure v. Pringle, 13 Price, 8. Did defendant intend to execute negotiable paper in due course, or did he know that he was executing negotiable paper in due course when he executed the paper sued on? If not, then the plaintiff is not entitled to protection even though he is a *bona fide* holder. Bank v. Steffes, 54 Iowa, 214; Gibbs v. Lindbury, 22 Mich. 479, 7 Am. Rep. 675; Walker v. Egbert, 29 Wis. 194, 9 Am. Rep. 548; Briggs v. Ewert, 51 Mo. 545, 11 Am. Rep. 445; Griffths v. Kellogg, 39 Wis. 290, 20 Am. Rep. 48.

ELLISON, J.—Plaintiff's action is founded on a promissory note. The judgment in the trial court was for defendant.

It appears that the note was executed to defendant by John and Martha Birchfield, that it was negotiable in form, was for $350 with interest and was dated the 5th of March, 1907, due one year after date. On the back is a credit of $24.72, and the blank indorsement of defendant and also the blank indorsement of R. M. Johnson "without recourse." The evidence disclosed that defendant, as payee, brought suit against the Birchfields on the note in the Buchanan County Circuit Court and on February 3, 1909, nearly a year after it became due, obtained judgment. The note was obtained from the files of the circuit court by de-

fendant and on January 5, 1910, he indorsed it for value, by the blank indorsement appearing thereon, to R. M. Johnson; and the latter, thereafter, indorsed it, by the above indorsement on the back thereof, to plaintiff without recourse.

The petition alleges that the judgment was unknown to plaintiff when he purchased the note and: "That by reason of the judgment the note as against the makers thereof, merged into the judgment, and for that reason no presentment to the makers for payment was made by plaintiff and no notice of presentment, demand and nonpayment given to defendant."

The foregoing shows that defendant, the payee of the note, after recovering judgment upon it against the makers, and after it was due, started it out afresh by negotiating it to Johnson, who indorsed to plaintiff. It is true that an indorsee of an overdue negotiable note takes it subject to all proper defenses as between the original parties to it, the maker and the payee. But it should not be overlooked that a note, negotiable in form, being overdue, does not destroy its negotiability. A bill indorsed after due becomes a new bill at sight (Davis v. Francisco, 11 Mo. 572; Kelly v. Staed, 136 Mo. 430) or, as expressed in our present statute, becomes a note payable on demand. [Sec. 9978, R. S. 1909.] And, ordinarily, there must be demand, notice and protest. Therefore when defendant, after obtaining judgment upon the note against the makers, took possession of it and re-issued it, though after due, it became a new instrument payable on demand.

Defendant, however, insists that the note became extinct by merger into the judgment. So does it lose vitality, as to the maker, by payment, yet if it be re-issued by the payee, as to him it becomes a legal obligation,—a new bill at sight. [Kelly v. Staed, supra.] It seems to us it would be most unjust and un-

reasonable to permit defendant, who re-issued the note after obtaining judgment upon it, to escape liability for his act to his indorsees on the plea that there was no note,—that it had become void by being merged in the judgment. To do so would be in the face of the statute itself (Sec. 10035, R. S. 1909) which declares that every person negotiating a note warrants "that it is in all respects what it purports to be," and "that he has no knowledge of any fact which would impair the validity of the instrument, or render it valueless."

We think from the fact that defendant himself had put the note into a judgment against the makers, it became *functus officio* as to them and as to them became merged in the judgment, and there remained no right to pursue them on the note, their liability being transferred to the judgment. [Tourville v. Wabash Railway Co., 148 Mo. 614, 623; Freeman on Judgments, Sec. 215.]

There was therefore no right to present the note to the makers for payment, and no right in any one to expect it would be paid, if presented. It was no longer an obligation against them. In such circumstances defendant has no right to require demand and notice as a prerequisite to his liability as indorser.

The judgment should have been for the plaintiff, and it is accordingly reversed and the cause remanded. All concur.