Charles E. LAWSON, Appellant,

v.

ESTATE OF Randall D. SLAYBAUGH, Respondent.

No. WD 32002.

Missouri Court of Appeals, Western District.

July 28, 1981.

Richard E. Lee, Lee & Manring, Albany, for appellant.

James H. Counts, Morton, Reed & County, St. Joseph, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

This is an appeal on behalf of the plaintiff, Charles E. Lawson, from the judgment of the circuit court, probate division, which held that Mr. Lawson's claim for $12,500.00 plus interest against the estate of Randall D. Slaybaugh would be allowed as an unsecured fifth class creditor and not as a secured claim. We affirm.

■ On July 12, 1979, Mr. Lawson filed his claim for $12,500.00 and accrued interest of $1,311.78 due on Slaybaugh's promissory note which Mr. Lawson alleged was secured by an assignment of a deed of trust on farm property owned by Clarence D. Leimkiller and Maxine V. Leimkiller. After a formal hearing the court entered its "order of facts and law" on July 11, 1980, finding a valid assignment of the Leimkiller deed of trust from Slaybaugh to Lawson but no assignment of the Leimkiller promissory note. Therefore, the court allowed Lawson's claim as that of an unsecured fifth class creditor. Absent findings of fact by the trial court which are not supported by substantial evidence or are against the weight of the evidence or a judgment which either erroneously declares or applies the law, this court must sustain the trial court's judgment.

On May 17, 1978, Slaybaugh sold a farm to the Leimkillers who executed an unsecured promissory note to Slaybaugh for $14,000.00 at an interest rate of 7% per annum due in full on May 17, 1983. Thereafter, Slaybaugh discussed with Lawson the possibility of his borrowing $13,000.00 from Lawson. Lawson was willing to lend the money at 10% interest if the note was secured. On June 27, 1978, Slaybaugh had the Leimkillers execute a deed of trust on their farm as security on their $14,000.00 note to him. On the same day he executed a $13,000.00 promissory note to Lawson at 10% interest, assigning only the Leimkiller deed of trust to Lawson as security for that note. Lawson disbursed $12,500.00 to Slaybaugh on July 13, 1978.

Slaybaugh died on February 14, 1979. After his estate was opened, Lawson filed a timely claim for the money due on the Slaybaugh note. At the hearing on his claim Lawson testified that he had never seen the Leimkiller note and that he felt his note was with Slaybaugh, not the Leimkillers. Relying on the theory that an underlying promissory note would follow an assignment of a deed of trust if that had been the intent of the parties, the trial court found that the intent of the parties was not to assign the Leimkiller note to Lawson. Therefore, even though there was a valid assignment of the deed of trust, the court treated the instruments as separate contracts and allowed Lawson's claim as unsecured.

■ On appeal Lawson relies on one point, to-wit, that the intent of the parties, as evidenced by their oral agreement, the execution of the promissory note to Lawson, and the assignment of the deed of trust, was that Slaybaugh's note to Lawson was to be secured. In his brief Lawson attempts to support his position with theories of novation and estoppel.

The trial court in its judgment and the respondent on appeal rely on two cases to support the conclusion that the Slaybaugh note to Lawson was unsecured: *Southern Missouri Trust Co. v. Crow*, 272 S.W. 1040 (Mo.App.1925), and *Miller v. Heisler*, 187 S.W.2d 485 (Mo.App.1945). In *Crow* at 1041 the court noted that a well settled principle in this state is

> that a note and mortgage or other instrument securing same are separate and distinct contracts; that the holder of a note, secured by a mortgage, may enforce the personal obligation thereon, irrespective of the security, and without resort thereto. *Allen v. Dermott*, 80 Mo. 56; *Maffat v. Greene*, 149 Mo. 48, 50 S.W. 809; *Hawes v. Mulholland*, 78 Mo.App. 493.

In *Miller v. Heisler, supra*, this court held that the assignment of a $2,000.00 interest in a $26,000.00 note secured by a trust deed was not void as being an assignment of a mortgage without the debt. The court made the following observations at 487–88:

> Appellants first contend that the assignment is void because, "the assignment of

a mortgage without the debt is void," this on the theory that the mortgage and note are separate instruments. The case of *Southern Missouri Trust Company v. Crow*, Mo.App., 272 S.W. 1040, does hold they are separate and distinct contracts, but does that aid appellants? It is true the written assignment refers to "the first deed of trust having a present balance of $26,225, being secured by property known as, * * * " and does not specifically mention the word "note"; however, all the evidence is to the effect that what the Heislers intended to assign and considered they had assigned, and what the Millers intended to have assigned and what they understood had been assigned, was an interest in the note as well as the deed of trust.

The instant case, unlike *Miller*, involves two promissory notes, one from the Leimkillers to Slaybaugh for $14,000.00 at 7% interest due in full on May 17, 1983, and the other from Slaybaugh to Lawson for $13,-000.00 at 10% interest payable December 31, 1978. The record supports the trial court's judgment that it was not the intention of the parties that the Slaybaugh note replace the Leimkiller note. Lawson testified that Mr. Leimkiller

> was willing to make the payment that he owed to Randy Slaybaugh to me, and I told him that I felt that I had all my money coming, that the estate would consider his note as an asset and take the money like he and Randy had agreed on over a five-year period, because I had no note with Mr. Leimkiller. I had a note with Mr. Slaybaugh.
>
> . . . .
>
> . . . I was not in a position to take money on this thing, because I didn't feel that my note was with the Leimkillers but with Randy Slaybaugh.

When asked if "somewhere along the way [he] had decided not to accept the Leimkiller note," Lawson testified that he had never seen that note and had not been asked by Slaybaugh to buy it. He explained that the Leimkiller note, as he understood it, is at a lesser rate of interest payable over five years and that Slaybaugh had "just wanted to borrow money on that note until he got his crop cut in the fall, and then he was going to repurchase it, what he had done with me." Lawson's testimony indicates that he thought that he would be taking something like a second mortgage on the farm for six months and that he left it to his attorneys to prepare a document binding on both Lawson and Slaybaugh, securing the payment of the Slaybaugh $13,-000.00 note. Clearly, he did not regard the Leimkiller note as an obligation against which he had any claim.

We know of no persuasive reason or authority for concluding that Lawson did or could have acquired any security for the payment by Slaybaugh in the assignment of the Leimkiller deed of trust to Lawson. Slaybaugh's default during his lifetime in the payment due on his note did not entitle Lawson to foreclose on the farm. Slaybaugh's death did not change that. Had the Leimkillers at any time paid the balance due on their note, they would have been instantly entitled to a release of the deed of trust, regardless of the assignment to Lawson.

Certainly the trial court was correct in concluding that the only effective assignment Slaybaugh made or intended to make to Lawson was that of the deed of trust and that such assignment without an assignment of the note gave Lawson no claim to the benefit of the note. This conclusion is supported by *Domarad v. Fisher & Burke, Inc.*, 270 Cal.App.2d 543, 76 Cal.Rptr. 529 (1969). There the court said at 76 Cal.Rptr. 535–36:

> [W]e note the following established principles: . . . that a deed of trust is inseparable from the debt and always abides with the debt, and it has no market or ascertainable value, apart from the obligation it secures . . . and that a deed of trust has no assignable quality independent of the debt, it may not be assigned or transferred apart from the debt, and *an attempt to assign the deed of trust without a transfer of the debt is without effect* . . . . (Emphasis added; citations omitted.)

Nor do we find a novation transferring the Leimkillers' debt from Slaybaugh to Lawson. The elements of a novation are: (1) a previous valid obligation; (2) the agreement of all of the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new contract. *General Insurance Co. v. Klein*, 517 S.W.2d 726, 730 (Mo.App.1974). Since the "old contract" between the Leimkillers and Slaybaugh was not extinguished and the Leimkillers were not liable on the new contract between Slaybaugh and Lawson, no novation occurred.

To support his estoppel argument Lawson quotes from *1 Wiltsie, Real Property Mortgage Foreclosure*, § 208, as follows:

> Where an assignment is made with the knowledge or consent of the mortgagor or other person and he, by his acts, conduct or words, has led the assignee to believe that the mortgage is valid and without and [sic] defense thereto, and the assignee gives a valuable consideration for the assignment of the mortgage, relying upon such acts, conduct or words, the mortgagor or other person will be estopped to assert any defense that might exist as against the mortgage.

That argument does not work in this case because it only supports the proposition that if in fact Slaybaugh had made a valid assignment of the Leimkiller note to Lawson, the Leimkillers would have been estopped to assert any defense they might have against the mortgage.

Moreover, the estoppel contention begs the question. Apparently the Leimkillers would willingly pay Mr. Lawson. But the probate court's duty was to decide as between Lawson and all other claimants in the Slaybaugh estate their respective priorities. Of course, had Mr. Slaybaugh assigned the Leimkiller note along with the deed of trust, Mr. Lawson would now be the holder of the note to the exclusion of the Slaybaugh estate.

For the foregoing reasons, the judgment of the trial court is affirmed.

All concur.